JUDGE MARRERO    12 CIV 1543

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WNET, THIRTEEN, FOX TELEVISION STATIONS, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WPIX, INC., UNIVISION TELEVISION GROUP, INC., THE UNIVISION NETWORK LIMITED PARTNERSHIP, and PUBLIC BROADCASTING SERVICE, | ) ) ) ) ) ) ) ) Civil Action No. ____ ) ) COMPLAINT FOR ) INJUNCTIVE RELIEF AND ) DAMAGES |
| *Plaintiffs*, | ) ) |
| v. | ) ) ) |
| AEREO, INC. f/k/a BAMBOOM LABS, INC., | ) ) ) |
| *Defendant*. | ) ) ) |

Plaintiffs WNET, THIRTEEN, Fox Television Stations, Inc., Twentieth Century Fox Film Corporation, WPIX, Inc., Univision Television Group, Inc., The Univision Television Network Limited Partnership, and Public Broadcasting Service (collectively, "Plaintiffs"), by and for their Complaint against Defendant Aereo, Inc. f/k/a Bamboom Labs, Inc. ("Aereo"), aver as follows:

## NATURE OF THE CASE

1.    On March 14, 2012, in New York City, Aereo will publicly launch an unlicensed service that streams television programming over the Internet to paying subscribers' computers, mobile phones and tablets.  Aereo's new service will take broadcast television signals for the New York-area television stations – as Aereo touts "All the broadcasts - NBC, ABC, CBS, PBS, FOX, CW" – and retransmit them over the Internet to Aereo subscribers.  Aereo has not licensed this television programming from those who own it.  Nor has it sought or received consent from

the television signal owners.  Thus, for $12 a month, Aereo will provide unlimited streams of Plaintiffs' television broadcasts over the Internet in direct competition with Plaintiffs.  According to Aereo: "With Aereo you can now watch live, broadcast television online. … No cable required. …  Watch the Big Game from Anywhere. …  Follow it live from your mobile or tablet."

2.     To accomplish this, Aereo claims to have deployed multiple antennas at its facilities in New York to receive over-the-air broadcasts of Plaintiffs' television programming. Aereo converts those broadcasts to a digital format that can be transmitted over the Internet, and then "streams" the broadcasts from Aereo's computer servers, over the Internet, to Aereo's paying subscribers.  Aereo's subscribers can receive those unlicensed Internet transmissions and thus watch broadcasts of Plaintiffs' television programming on any Internet-enabled device. Aereo's announced plan is to launch first in New York City, expand nationwide, and eventually worldwide.

3.     Copyright law, however, does not permit Aereo to appropriate to itself the value of Plaintiffs' television programming by retransmitting it over the Internet without proper licenses.  It simply does not matter whether Aereo uses one big antenna to receive Plaintiffs' broadcasts and retransmit them to subscribers, or "tons" of "tiny" antennas, as Aereo claims it does.  No amount of technological gimmickry by Aereo – or claims that it is simply providing a set of sophisticated "rabbit ears" – changes the fundamental principle of copyright law that those who wish to retransmit Plaintiffs' broadcasts may do so only with Plaintiffs' authority.  Simply put, Aereo is an unauthorized Internet delivery service that is receiving, converting and retransmitting broadcast signals to its subscribers for a fee.

4.      Aereo's conduct constitutes infringement of Plaintiffs' exclusive rights of public performance and reproduction granted under the United States Copyright Act.  Aereo's conduct further constitutes unfair competition under the common law of the State of New York.

5.      The rights to transmit Plaintiffs' programming over the Internet and to portable devices are extremely valuable.  Plaintiffs ask that the Court enjoin Aereo's unauthorized Internet television service and award damages arising out of Aereo's unlawful conduct.

## JURISDICTION AND VENUE

6.      This is a civil action seeking injunctive relief and damages for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and unfair competition under New York common law.

7.      This Court has original subject matter jurisdiction over the Copyright Act claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and has pendent jurisdiction over the state law unfair competition claim under 28 U.S.C. § 1367.

8.      This Court has personal jurisdiction over Aereo because Aereo does continuous and systematic business in New York and this District, N.Y. C.P.L.R. § 301.  Personal jurisdiction over Aereo is also proper under N.Y. C.P.L.R. § 302(a)(1)-(3).

9.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because, among other things, a substantial part of the acts of infringement and unfair competition complained of herein occurs in this District.

## PLAINTIFFS AND PLAINTIFFS' BUSINESSES

10.     Plaintiffs include a broad array of parties injured by Aereo's unlawful conduct. They include owners of both commercial and non-commercial educational stations whose programming Aereo is illegally streaming over the Internet, as well as owners and distributors of the live programming, television series, movies, and non-commercial and educational programs that are broadcast by the affected stations.

11.     Plaintiff WNET ("WNET") is a New York non-profit educational corporation chartered by the Board of Regents of the University of the State of New York. WNET is the licensee of non-commercial, educational television stations WNET(TV) and WLIW(TV), both of which transmit programming over-the-air in the New York market. Cable and satellite services also make WNET(TV) and WLIW(TV) programming available to their subscribers at the request of WNET under Sections 338 and 615 of the Communications Act.

12.     Plaintiff THIRTEEN (formerly known as Educational Broadcasting Corporation) is a New York non-profit educational corporation chartered by the Board of Regents of the State of New York. THIRTEEN is a wholly-owned subsidiary of plaintiff WNET. THIRTEEN is actively engaged in the production and distribution of television programs, including the award-winning productions American Masters, Cyberchase, Great Performances, and Nature, and holds or shares copyrights with respect to these productions. THIRTEEN produces or co-produces approximately one-third of the programming distributed in the United States by PBS to its member stations.

13.     Plaintiff Fox Television Stations, Inc. ("Fox Stations") owns and operates many local broadcast television stations that are actively engaged in the production and distribution of television programs and other copyrighted works in the United States and elsewhere. Among the

stations owned and operated by Fox Stations are the television stations WNYW and WWOR-TV, the signals of which are received over-the-air by viewers in the New York market.  The FCC has licensed Fox Stations to operate WNYW and WWOR-TV.  Cable systems, satellite services and other multichannel video programming distributors also make WNYW and WWOR-TV transmissions available to their subscribers upon negotiating the right to do so under Section 325(b) of the Communications Act, 47 U.S.C. § 325(b).

14.     Plaintiff Twentieth Century Fox Film Corporation ("Fox"), together with its affiliates, is actively engaged in the worldwide production and distribution of copyrighted entertainment products, including programs that television broadcast stations and other media outlets transmit or retransmit to the public.

15.     Plaintiff WPIX, Inc. ("WPIX") is the licensee of television station WPIX, New York, New York.  WPIX is the CW Network affiliate in the New York market and transmits programming over-the-air in that market.  Cable systems, satellite services and other multichannel video programming distributors also make WPIX transmissions available to their subscribers upon negotiating for the right to do so under Section 325(b) of the Communications Act, 47 U.S.C. § 325(b).

16.     Plaintiff Univision Television Group, Inc. ("UTG") owns and operates many local broadcast television stations, which are actively engaged in the production and distribution of television programs and other copyrighted works in the United States and elsewhere.  Among the UTG stations is the television station WXTV-DT ("WXTV"), the signal of which is received by viewers over-the-air in the New York market.  The FCC has authorized a subsidiary of UTG to operate WXTV.  Cable systems, satellite services and other multichannel video programming

distributors also make WXTV transmissions available to their subscribers upon negotiating for the right to do so under Section 325(b) of the Communications Act, 47 U.S.C. § 325(b).

17.     Plaintiff The Univision Network Limited Partnership ("UNLP"), together with its affiliates, is actively engaged in the worldwide production and distribution of copyrighted entertainment products, including programs that television broadcast stations and other media outlets transmit or retransmit to the public.  UNLP's copyrighted programming is aired on UTG stations, including WXTV.

18.     Plaintiff Public Broadcasting Service ("PBS") is a District of Columbia non-profit corporation.  PBS's mission is to promote the advancement of education, culture and citizenship, and in furtherance of its mission, PBS uses television, the Internet and other media.  PBS acquires and distributes a wide range of non-commercial television and video programming on behalf of its member stations featuring educational, cultural and entertainment topics.  PBS's members include virtually all of the public television stations in the United States, including WNET and WLIW in the New York market.

19.     Plaintiffs are the legal or beneficial owners of the copyrights in numerous programs that have been, or will be, exhibited over broadcast televisions stations in the New York market.  A non-exhaustive list identifying representative samples of such television programs is set forth in Exhibit A ("TV Programs").

20.     Each such TV Program is an original audiovisual work that has been or will be fixed in a tangible medium of expression and constitutes copyrightable subject matter within the meaning of Section 102 of the Copyright Act, 17 U.S.C. § 102.  Each such TV Program has been or will be registered with the United States Copyright Office, or is or will be the subject of an application for registration filed with the Copyright Office.

21.     Under Section 106 of the Copyright Act, 17 U.S.C. § 106, Plaintiffs have the exclusive rights, among other things, to "reproduce the copyrighted work," to "perform the copyrighted work publicly," and to authorize any such activities.  17 U.S.C. §§ 106(1), (4).

22.     Plaintiffs perform or authorize the performance of the TV Programs and other copyrighted works in the United States and elsewhere via broadcast, cable and satellite television.  Plaintiffs also perform or authorize the performance of their audiovisual works via the Internet, mobile networks and otherwise.

23.     Plaintiffs have invested and continue to invest substantial sums of money, as well as time, effort and creative talent, to create, manufacture, advertise, promote, sell, distribute, perform, and authorize others to distribute and perform Plaintiffs' copyrighted audiovisual works.  Plaintiffs additionally have invested substantially in the broadcasting infrastructure through which Plaintiffs deliver their copyrighted works to licensees and the public.  Plaintiffs are compensated for their creative efforts and monetary investments largely from advertising, carriage on cable and satellite systems, and from the licensing, sale, distribution and performance of their audiovisual works, including authorized online distribution and performance.

## DEFENDANT AND DEFENDANT'S BUSINESS

24.     Defendant Aereo operates an Internet television service that (a) captures live broadcast television programming, including programming of stations broadcasting Plaintiffs' works, (b) processes the programming of those captured signals in its data center for retransmission to the public via Internet streaming, and (c) streams that programming over the Internet to members of the public for viewing on web-enabled devices.  These devices include personal computers, mobile phones such as the iPhone and Android phones, and tablet computers including the iPad.

## NATURE OF DEFENDANT'S UNLAWFUL CONDUCT

25.     On information and belief, Aereo began testing its online television business in April 2011, when it began offering an "invitation-only beta" test of the Aereo service to residents of New York and Connecticut.

26.     On February 14, 2012, Aereo announced that it would open its service to the public on March 14, 2012.  That same day, Aereo began offering subscriptions to New York City residents through its website www.aereo.com.  The subscriptions will become active on March 14 and will cost $12 per month after an initial 30-day free trial.

27.     In press conferences and media interviews, Aereo has stated its intent to expand to other television markets across the United States.

28.     Aereo has designed, developed and operates specialized systems as part of its online television business, and has full knowledge of, and control over, how those systems work. Aereo has described the systems used in its online television business as "incredibly complex," and has not permitted Plaintiffs the opportunity to see its systems in action or learn details of how they actually work.

29.     Based on information and belief, Aereo has established one or more facilities in the New York metropolitan area at which Aereo receives programming broadcast on local television stations, including but not limited to WPIX, WNET, WLIW, WNYW, WWOR, WXTV, and WFUT.  Aereo then transmits those broadcasts to its data center(s), where it encodes the programming for Internet transmission and then streams the programming over the Internet to its subscribers.  Aereo makes these Internet streams, including retransmissions of the TV Programs, available to Aereo subscribers 24 hours a day, seven days a week.  Indeed, Aereo's website confirms that the Aereo service streams to Aereo users "[a]ll the broadcasts - NBC, ABC, CBS, PBS, FOX, CW & over 20 local channels," including "Your Favorite Shows."

30.    When Aereo retransmits the images and accompanying sounds of Plaintiffs' copyrighted audiovisual works to subscribers of the Aereo service, it performs Plaintiffs' copyrighted works publicly in violation of Plaintiffs' exclusive rights under Section 106(4) of the Copyright Act, 17 U.S.C. § 106(4).

31.    The public performance right provides the economic foundation upon which the television production and distribution industries rest.  Program suppliers such as PBS, Fox, and UNLP license their works for public performance through various distributors, including broadcast networks and broadcast stations.  Program suppliers and broadcasters produce and license works for public performance on cable and satellite television, as well as over the Internet and through other media.

32.    The Copyright Act's right of public performance applies broadly to television distribution.  Congress described the public performance right as extending to "not only the initial rendition or showing, but also any further act by which that rendition or showing is transmitted or communicated to the public."  H.R. Rep. No. 94-1476, at 63 (1976).  As examples Congress indicated that "a broadcasting network is performing when it transmits [a] performance; a local broadcaster is performing when it transmits the network broadcast; [and] a cable television system is performing when it retransmits the broadcast to its subscribers . . . ."  *Id.*  Congress emphasized that a performance may be accomplished by "all kinds of equipment for reproducing or amplifying sounds or visual images, and ... systems not yet in use or even invented."  *Id.*

33.    Congress described the concept of "public" performance in similarly broad terms. In particular, a public performance includes "acts that transmit or otherwise communicate a performance ... of the work to the public by means of any device or process."  *Id.* at 64.

Congress explained that such transmission "include[s] all conceivable forms and combinations of wired or wireless communications media, including but by no means limited to radio and television broadcasting as we know them." *Id.* It added that "[e]ach and every method by which the images or sounds comprising a performance ... are picked up and conveyed is a 'transmission,' and *if the transmission reaches the public in any form*, the case comes within the scope of" the public performance right. *Id.* (emphasis added). Indeed, the Copyright Act explicitly provides that a transmission of a performance is public even if members of the public receive the transmission in separate places and at different times. 17 U.S.C. § 101.

34.    Plaintiffs have never authorized Aereo to make public performances of their copyrighted works, and Aereo has expressly and rightly disclaimed entitlement to any statutory performance license.

35.    Accordingly, whenever Aereo captures and retransmits a broadcast of Plaintiffs' copyrighted works, it infringes Plaintiffs' exclusive right of public performance.

36.    As part of Aereo's process of encoding live television broadcasts for Internet retransmission and making such retransmissions, Aereo also reproduces Plaintiffs' copyrighted works in violation of Plaintiffs' exclusive rights under Section 106(1) of the Copyright Act, 17 U.S.C. § 106(1).

37.    To perform such encoding and retransmission, Aereo must reproduce programming transmitted by broadcasters, including the TV Programs, on computers at its facilities. On information and belief, these copies persist for a period of more than transitory duration.

38.    Plaintiffs have never authorized Aereo or its subscribers to make reproductions of their copyrighted works.

39.     Accordingly, whenever Aereo or its subscribers reproduce any of Plaintiffs' copyrighted works in connection with Aereo's retransmission of live broadcasts of those works over the Internet, Aereo infringes Plaintiffs' exclusive reproduction rights.

40.     By commercially exploiting Plaintiffs' programming without authorization, Aereo seeks to compete directly with Plaintiffs and their lawful licensees and authorized retransmitters, and further take advantage of and undermine Plaintiffs' substantial creative and financial investment in the creation and broadcast of their programming and broadcasts. Aereo further free rides on Plaintiffs' substantial investment in their broadcasting infrastructures. Aereo is willfully, wantonly and unfairly exploiting Plaintiffs' programming and broadcasts for its own commercial benefit.

41.     Aereo's infringing and unlawful conduct is causing and will cause Plaintiffs substantial and irreparable injury by, among other things, undermining their business relationships with, and Plaintiffs' ability to license their content to, both traditional transmitters of television programming and new services that deliver television programming and motion pictures to portable devices via the Internet. These services include Internet-only services such as iTunes and Hulu, and authorized offerings by cable, satellite, broadband, and mobile telecommunications providers. Aereo's conduct thus interferes with Plaintiffs' current relationships with these companies and with Plaintiffs' ability to license these and other companies going forward. Aereo's conduct also interferes with Plaintiffs' own websites, from which Plaintiffs stream their content. In addition, Aereo's conduct prevents Plaintiffs from enforcing their standards for high quality and security that are an integral part of Plaintiffs' decision-making concerning any licensing or distribution of their works. Furthermore, Plaintiffs will lose the ability to measure viewership of their programming by Aereo subscribers, which

will adversely affect Plaintiffs' ability to sell advertising, obtain sponsorships, and otherwise derive value from their programming.  In short, Aereo's unlawful conduct injures Plaintiffs' ability to use their programming for their own benefit.

## COUNT I

### (Copyright Infringement – Infringement of the Public Performance Right In Violation of 17 U.S.C. §§ 106(4), 501)

42.     Plaintiffs incorporate by reference paragraphs 1 - 41 as if set forth herein.

43.     Aereo, without the permission or consent of Plaintiffs, has publicly performed and will publicly perform Plaintiffs' copyrighted audiovisual works, including but not limited to the works listed in Exhibit A hereto, by transmitting live television broadcast programming over the Internet to Aereo's subscribers.

44.     Aereo is directly liable for these acts of infringement under the Copyright Act. Aereo causes and carries out the unauthorized public performance of Plaintiffs' audiovisual works.  Aereo publicly performs the works by retransmitting them from the point of reception to Aereo's data center and from Aereo's data center to subscribers of Aereo's service over the Internet.

45.     Such public performance of audiovisual works constitutes infringement of Plaintiffs' exclusive rights under copyright in violation of 17 U.S.C. § 106(4).

46.     The infringement of Plaintiffs' rights in each of their copyrighted audiovisual works constitutes a separate and distinct act of infringement.

47.     Aereo's acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to the rights of Plaintiffs.

342130ce4ef368b1

48.     Aereo's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting infringement of Plaintiffs' copyrights and exclusive rights under copyright.

## COUNT II

### (Copyright Infringement – Infringement of the Reproduction Right
### In Violation of 17 U.S.C. §§ 106(1), 501)

49.     Plaintiffs incorporate by reference paragraphs 1 - 48 and as if set forth herein.

50.     Aereo, without the permission or consent of Plaintiffs, has reproduced and will reproduce Plaintiffs' copyrighted audiovisual works, including but not limited to the works listed in Exhibit A hereto, by making copies of such works when Aereo encodes live broadcast programming for Internet transmission and makes such transmissions.

51.     Aereo is directly liable for these acts of infringement under the Copyright Act. Aereo causes and carries out the unauthorized copying of Plaintiffs' audiovisual works by reproducing those works onto Aereo's computer servers as part of the process of retransmitting live broadcasts of performances of Plaintiffs' programming.

52.     Such reproduction of audiovisual works constitutes infringement of Plaintiffs' exclusive rights under copyright in violation of 17 U.S.C. §§ 106(1) and 501.

53.     Alternatively, Aereo is secondarily liable for each such act of infringement under Sections 106(1) and 501 of the Copyright Act, 17 U.S.C. §§ 106(1), 501, including but not limited to infringement of the works listed in Exhibit A hereto.

54.     Aereo purposefully and intentionally induces and encourages such infringement by providing the Aereo service with the object of promoting its use to reproduce copies of

13

broadcast television programming, virtually all of which is copyrighted. Aereo operates the Aereo service with the object that its subscribers will infringe the copyrights in such programming by making reproductions of broadcast programming in the ordinary operation of the Aereo service.

55.     Aereo is additionally liable for contributory infringement as to such reproductions because (a) Aereo has knowledge of the programming reproduced, that such programming is copyrighted, and that such programming is reproduced in the systems Aereo has created, and (b) Aereo causes or materially contributes to such infringement by providing the site and facilities for the infringing reproductions in connection with the operation of the Aereo service.

56.     The infringement of Plaintiffs' rights in each of their copyrighted audiovisual works constitutes a separate and distinct act of infringement.

57.     Aereo's acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to the rights of Plaintiffs.

58.     Aereo's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting infringement of Plaintiffs' copyrights and exclusive rights under copyright.

## COUNT III

### (Unfair Competition)

59.     Plaintiffs incorporate by reference paragraphs 1-58 as if set forth herein.

60.     In the alternative to Count I, Aereo is guilty of unfair competition under the common law of the State of New York.

61.     By commercially exploiting Plaintiffs' programming and broadcasting infrastructure without authorization, Aereo seeks to compete directly and unfairly with Plaintiffs and their lawful licensees and authorized retransmitters, who pay Plaintiffs for the right to retransmit their broadcasts, including cable and satellite services and other services for delivery of television programming and motion pictures over the Internet and to portable devices.  Aereo further takes advantage of and undermines Plaintiffs' substantial creative and financial investment in their audiovisual works, and Plaintiff's efforts and labor.  Aereo is willfully, wantonly and unfairly exploiting Plaintiffs' property interests in their audiovisual works for Aereo's own commercial benefit and in bad faith.

62.     As a direct and proximate result of Aereo's unlawful conduct, Plaintiffs are entitled to compensatory damages in such amounts as will be proven at trial, as well as punitive damages.

63.     Aereo's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money damages.  Plaintiffs have no adequate remedy at law and are entitled to injunctive relief prohibiting Aereo from further violating Plaintiffs' rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Aereo as follows:

1.    For a permanent injunction requiring that Aereo and Aereo's officers, agents, servants, employees, and attorneys, and all persons acting in concert or participation with each or any of them, cease any and all Internet retransmission of Plaintiffs' programming.

2.    As to each of Counts I and II:

      a.    For statutory damages pursuant to 17 U.S.C. § 504(c), in the maximum amount provided by law, as may be found or established at trial, arising from Aereo's violations of Plaintiffs' rights under the Copyright Act. Alternatively, at Plaintiffs' election, pursuant to 17 U.S.C. § 504(b), for Plaintiffs' actual damages, including Aereo's profits from infringement, as will be proven at trial.

      b.    For Plaintiffs' costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

      c.    For impounding and disposition of infringing articles under 17 U.S.C. § 503.

3.    As to Count III, for compensatory damages in such amounts as will be proven at trial, as well as punitive damages;

4.    For pre- and post-judgment interest on any monetary award made part of the judgment against Aereo.

5.    For such other and further relief as the Court may deem just and proper.

Dated:  March 1, 2012

Respectfully submitted,

Steven B. Fabrizio (No. SF-8639)
Steven R. Englund
Scott B. Wilkens
JENNER & BLOCK LLP
1099 New York Ave., N.W.
Suite 900
Washington, DC  20001-4412
Telephone (202) 639-6000
Facsimile (202) 639-6066

David J. Bradford
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Phone 312-222-9350
Fax 312-527-0484

*Attorneys for Plaintiffs*

# Exhibit A

**Exhibit A**

| No. | Program Title | Broadcast Date | Broadcast Station | Copyright Owner | Registration |
|-----|---------------|----------------|-------------------|-----------------|--------------|
| 1. | Fox 5 News at 10 | 03/14/12 | WNYW | Fox Television Stations, Inc. | See Advance Notice of Potential Infringement, Attachment 1 hereto. |
| 2. | Fox 5 News at 10 | 03/15/12 | WNYW | Fox Television Stations, Inc. | Attachment 1 |
| 3. | Fox 5 News at 10 | 03/16/12 | WNYW | Fox Television Stations, Inc. | Attachment 1 |
| 4. | Fox 5 News at 10 | 03/17/12 | WNYW | Fox Television Stations, Inc. | Attachment 1 |
| 5. | Fox 5 News at 10 | 03/18/12 | WNYW | Fox Television Stations, Inc. | Attachment 1 |
| 6. | 10 O'Clock News | 03/14/12 | WWOR | Fox Television Stations, Inc. | Attachment 1 |
| 7. | 10 O'Clock News | 03/15/12 | WWOR | Fox Television Stations, Inc. | Attachment 1 |
| 8. | 10 O'Clock News | 03/16/12 | WWOR | Fox Television Stations, Inc. | Attachment 1 |
| 9. | 10 O'Clock News | 03/19/12 | WWOR | Fox Television Stations, Inc. | Attachment 1 |
| 10. | 10 O'Clock News | 03/20/12 | WWOR | Fox Television Stations, Inc. | Attachment 1 |
| 11. | PBS KIDS – Gravity | 03/15/12 | WNET | Public Broadcasting Service | Application Pending |
| 12. | PBS KIDS – Navigation | 03/16/12 | WNET | Public Broadcasting Service | Application Pending |
| 13. | PBS KIDS – Exercise | 03/16/12 | WNET | Public Broadcasting Service | Application Pending |
| 14. | PBS KIDS – More Colors That You Eat | 03/19/12 | WNET | Public Broadcasting Service | Application Pending |
| 15. | PBS KIDS – Hooper – Rockstar | 03/22/12 | WNET | Public Broadcasting Service | Application Pending |
| 16. | American Dad – Joint Custody | 03/21/12 | WPIX | Twentieth Century Fox Film Corporation | PA-1-354-874 |
| 17. | American Dad – Surrogate | 03/30/12 | WPIX | Twentieth Century Fox Film Corporation | PA-1-605-646 |
| 18. | American Dad – Of Ice and Men | 04/10/12 | WPIX | Twentieth Century Fox Film Corporation | PA-1-350-946 |
| 19. | Burn Notice – Friends and Family | 03/14/12 | WWOR | Twentieth Century Fox Film Corporation | PA-1-636-017 |
| 20. | Burn Notice – Fearless Leader | 03/28/12 | WWOR | Twentieth Century Fox Film Corporation | PA-1-650-935 |

1

| No. | Program Title | Broadcast Date | Broadcast Station | Copyright Owner | Registration |
|---|---|---|---|---|---|
| 21. | Burn Notice – Shot in the Dark | 04/04/12 | WWOR | Twentieth Century Fox Film Corporation | PA-1-643-501 |
| 22. | Family Guy – Model Misbehavior | 03/16/12 | WPIX | Twentieth Century Fox Film Corporation | PA-1-257-878 |
| 23. | Family Guy – Business Guy | 03/24/12 | WPIX | Twentieth Century Fox Film Corporation | PA-1-662-618 |
| 24. | Family Guy – Sibling Rivalry | 04/02/12 | WPIX | Twentieth Century Fox Film Corporation | PA-1-260-258 |
| 25. | Futurama – Roswell That Ends Well | 03/24/12 | WPIX | Twentieth Century Fox Film Corporation | PA-1-068-475 |
| 26. | Futurama – Godfellas | 03/31/12 | WPIX | Twentieth Century Fox Film Corporation | PA-1-068-719 |
| 27. | Futurama – Less Than Hero | 04/14/12 | WPIX | Twentieth Century Fox Film Corporation | PA-1-130-741 |
| 28. | How I Met Your Mother – Platinum Rule, The | 03/16/12 | WWOR | Twentieth Century Fox Film Corporation | PA-1-604-575 |
| 29. | How I Met Your Mother – Cupcake | 03/28/12 | WWOR | Twentieth Century Fox Film Corporation | PA-1-313-278 |
| 30. | How I Met Your Mother – Happily Ever After | 04/05/12 | WWOR | Twentieth Century Fox Film Corporation | PA-1-617-594 |
| 31. | King of the Hill – Bad News Bill | 03/20/12 | WNYW | Twentieth Century Fox Film Corporation | PA-1-632-411 |
| 32. | King of the Hill – Good Hill Hunting | 04/02/12 | WNYW | Twentieth Century Fox Film Corporation | PA-916-318 |
| 33. | King of the Hill – Westie Side Story | 04/09/12 | WNYW | Twentieth Century Fox Film Corporation | PA-824-425 |
| 34. | My Name is Earl – Killerball | 03/16/12 | WWOR | Twentieth Century Fox Film Corporation | PA-1-602-609 |
| 35. | My Name is Earl – Magic Hour, The | 03/23/12 | WWOR | Twentieth Century Fox Film Corporation | PA-1-612-953 |
| 36. | My Name is Earl – Orphan Earl | 04/10/12 | WWOR | Twentieth Century Fox Film Corporation | PA-1-624-440 |

| No. | Program Title | Broadcast Date | Broadcast Station | Copyright Owner | Registration |
|---|---|---|---|---|---|
| 37. | Simpsons – Treehouse of Horror XIX | 03/27/12 | WNYW | Twentieth Century Fox Film Corporation | PA-1-621-110 |
| 38. | Simpsons – How the Test Was Won | 03/30/12 | WNYW | Twentieth Century Fox Film Corporation | PA-1-629-034 |
| 39. | Simpsons – The Devil Wears Nada | 04/05/12 | WNYW | Twentieth Century Fox Film Corporation | PA-1-662-207 |
| 40. | Unit, The - Exposure | 03/24/12 | WLNY | Twentieth Century Fox Film Corporation | PA-1-322-018 |
| 41. | Unit, The - Sacrifice | 03/31/12 | WLNY | Twentieth Century Fox Film Corporation | PA-1-610-233 |
| 42. | Unit, The – Sudden Flight | 04/07/12 | WLNY | Twentieth Century Fox Film Corporation | PA-1-611-082 |
| 43. | Despierta America | 03/14/12 | WXTV | The Univision Network Limited Partnership | See Advance Notice of Potential Infringement, Attachment 2 hereto. |
| 44. | Despierta America | 03/15/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 45. | Despierta America | 03/16/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 46. | Despierta America | 03/19/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 47. | El Gordo y la Flaca | 03/14/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 48. | El Gordo y la Flaca | 03/15/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 49. | El Gordo y la Flaca | 03/16/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 50. | El Gordo y la Flaca | 03/19/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 51. | Primer Impacto | 03/14/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 52. | Primer Impacto | 03/15/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |

| No. | Program Title | Broadcast Date | Broadcast Station | Copyright Owner | Registration |
|-----|---------------|----------------|-------------------|-----------------|--------------|
| 53. | Primer Impacto | 03/16/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 54. | Primer Impacto | 03/19/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 55. | Noticiero Univision | 03/14/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 56. | Noticiero Univision | 03/15/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 57. | Noticiero Univision | 03/16/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 58. | Noticiero Univision | 03/19/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 59. | Noticiero Univision – Edicion Nocturna | 03/14/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 60. | Noticiero Univision – Edicion Nocturna | 03/15/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 61. | Noticiero Univision – Edicion Nocturna | 03/16/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 62. | Noticiero Univision – Edicion Nocturna | 03/19/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 63. | Noticiero Univision – Fin de Semana | 03/17/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 64. | Noticiero Univision – Fin de Semana | 03/18/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 65. | Republica Deportiva | 03/18/12 | WXTV | The Univision Network Limited Partnership | Attachment 2 |
| 66. | Al Despertar[1] | 03/14/12 | WXTV | Univision Television Group, Inc. | See Advance Notice of Potential Infringement, Attachment 3 hereto. |
| 67. | Al Despertar | 03/15/12 | WXTV | Univision Television Group, Inc. | Attachment 3 |
| 68. | Al Despertar | 03/16/12 | WXTV | Univision Television Group, Inc. | Attachment 3 |

---

[1] Also known as "Noticias Univision 41."

| No. | Program Title | Broadcast Date | Broadcast Station | Copyright Owner | Registration |
|-----|---------------|----------------|-------------------|-----------------|--------------|
| 69. | Al Despertar | 03/19/12 | WXTV | Univision Television Group, Inc. | Attachment 3 |
| 70. | Noticias 41 | 03/14/12 | WXTV | Univision Television Group, Inc. | Attachment 3 |
| 71. | Noticias 41 | 03/15/12 | WXTV | Univision Television Group, Inc. | Attachment 3 |
| 72. | Noticias 41 | 03/16/12 | WXTV | Univision Television Group, Inc. | Attachment 3 |
| 73. | Noticias 41 | 03/19/12 | WXTV | Univision Television Group, Inc. | Attachment 3 |
| 74. | Noticias 41 | 03/14/12 | WXTV | Univision Television Group, Inc. | Attachment 3 |
| 75. | Noticias 41 | 03/15/12 | WXTV | Univision Television Group, Inc. | Attachment 3 |
| 76. | Noticias 41 | 03/16/12 | WXTV | Univision Television Group, Inc. | Attachment 3 |
| 77. | Noticias 41 | 03/19/12 | WXTV | Univision Television Group, Inc. | Attachment 3 |
| 78. | Noticias 41 | 03/17/12 | WXTV | Univision Television Group, Inc. | Attachment 3 |
| 79. | Noticias 41 | 03/18/12 | WXTV | Univision Television Group, Inc. | Attachment 3 |
| 80. | Noticias 41 | 03/17/12 | WXTV | Univision Television Group, Inc. | Attachment 3 |
| 81. | Noticias 41 | 03/18/12 | WXTV | Univision Television Group, Inc. | Attachment 3 |
| 82. | CYBERCHASE: Gone With The Fog. | 03/19/12 | WNET | WNET/Educational Broadcasting Corporation | PAu-3-564-336 |
| 83. | NATURE: Cuba: The Accidental Eden | 03/20/12 | WNET | WNET/Educational Broadcasting Corporation | PAu-3-562-583 |
| 84. | NATURE: Dogs That Changed The World: Part 1 | 03/21/12 | WNET | WNET/Educational Broadcasting Corporation | PA-1-743-542 |
| 85. | NATURE: Dogs That Changed The World: Part 2 | 03/21/12 | WNET | WNET/Educational Broadcasting Corporation | PA-1-743-513 |
| 86. | PIX News at 4AM | 03/14/12 | WPIX | WPIX, Inc. | See Advance Notice of Potential Infringement, Attachment 4 hereto. |
| 87. | PIX News at 4AM | 03/15/12 | WPIX | WPIX, Inc. | Attachment 4 |
| 88. | PIX News at 4AM | 03/16/12 | WPIX | WPIX, Inc. | Attachment 4 |
| 89. | PIX News at 5 | 03/14/12 | WPIX | WPIX, Inc. | Attachment 4 |
| 90. | PIX News at 5 | 03/15/12 | WPIX | WPIX, Inc. | Attachment 4 |

| No. | Program Title | Broadcast Date | Broadcast Station | Copyright Owner | Registration |
|-----|---------------|----------------|-------------------|-----------------|--------------|
| 91. | PIX News at 5 | 03/16/12 | WPIX | WPIX, Inc. | Attachment 4 |
| 92. | PIX News at Ten | 03/14/12 | WPIX | WPIX, Inc. | Attachment 4 |
| 93. | PIX News at Ten | 03/15/12 | WPIX | WPIX, Inc. | Attachment 4 |
| 94. | PIX News at Ten | 03/16/12 | WPIX | WPIX, Inc. | Attachment 4 |

# ATTACHMENT 1

J E N N E R & B L O C K

March 1, 2012

Jenner & Block LLP           Chicago
1099 New York Avenue, NW     Los Angeles
Suite 900                    New York
Washington, DC 20001         Washington, DC
Tel 202-639-6000
www.jenner.com

**VIA HAND DELIVERY
AND OVERNIGHT MAIL**

Scott B. Wilkens
Tel (202) 639-6072
Fax (202) 661-4832
swilkens@jenner.com

To: Mr. Chet Kanojia
Aereo, Inc.
37-18 Northern Boulevard
Long Island City, NY 11101

## ADVANCE NOTICE OF POTENTIAL INFRINGEMENT

On behalf of our client Fox Television Stations, Inc. ("Fox Stations"), we hereby submit this advance notice of potential infringement to Aereo, Inc. f/k/a Bamboom Labs, Inc. ("Aereo") pursuant to Section 411(c) (formerly 411(b)) of the United States Copyright Act, 17 U.S.C. § 411(c), and Section 201.22 of the Copyright Office's regulations, 37 C.F.R. § 201.22 (2011).

The Federal Communications Commission has licensed Fox Stations to operate the television stations identified by the call letters WNYW, the signal of which is broadcast to viewers over-the-air on channel 5 in the New York City market, and WWOR, the signal of which is broadcast to viewers over-the-air on channel 9 in the New York City market.

Beginning on March 14, 2012, WNYW will telecast the following programs:

| Program | Date | Time (Eastern Standard) |
|---|---|---|
| Fox 5 News at 10 | March 14, 2012 | 10:00 p.m. – 11:00 p.m. |
| Fox 5 News at 10 | March 15, 2012 | 10:00 p.m. – 11:00 p.m. |
| Fox 5 News at 10 | March 16, 2012 | 10:00 p.m. – 11:00 p.m. |
| Fox 5 News at 10 | March 17, 2012 | 10:00 p.m. – 11:00 p.m. |
| Fox 5 News at 10 | March 18, 2012 | 10:00 p.m. – 10:30 p.m. |

And WWOR will telecast the following programs:

| Program | Date | Time (Eastern Standard) |
|---|---|---|
| 10 O'Clock News | March 14, 2012 | 10:00 p.m. – 10:30 p.m. |
| 10 O'Clock News | March 15, 2012 | 10:00 p.m. – 10:30 p.m. |
| 10 O'Clock News | March 16, 2012 | 10:00 p.m. – 10:30 p.m. |
| 10 O'Clock News | March 19, 2012 | 10:00 p.m. – 10:30 p.m. |
| 10 O'Clock News | March 20, 2012 | 10:00 p.m. – 10:30 p.m. |

Each telecast will be a copyrighted work consisting of sounds and images, the first fixation of which will be made simultaneously with its transmission. Fox Stations will be considered the author of these works upon their fixation. Furthermore, as the copyright owner, Fox Stations intends to secure copyrights in these works upon their fixation.

Fox Stations objects to Aereo's streaming of these telecasts to Aereo subscribers via the Aereo service (www.aereo.com). Aereo's streaming of these telecasts would, if carried out, subject Aereo to liability for copyright infringement.

This notice does not purport to be a full or complete statement of the facts or the law and is without prejudice to any rights, claims, and remedies available to the Fox Stations, whether legal or equitable in nature, all of which are expressly reserved.

Please contact the undersigned, a duly authorized agent of Fox Stations, if you have any questions about this notice.

Sincerely,

Scott B. Wilkens

# ATTACHMENT 2

J E N N E R & B L O C K

March 1, 2012

Jenner & Block LLP            Chicago
1099 New York Avenue, NW      Los Angeles
Suite 900                     New York
Washington, DC 20001          Washington, DC
Tel  202-639-6000
www.jenner.com

**VIA HAND DELIVERY**
**AND OVERNIGHT MAIL**

SCOTT B. WILKENS
TEL  (202) 639-6072
FAX (202) 661-4832
SWILKENS@JENNER.COM

Mr. Chet Kanojia
Aereo, Inc.
37-18 Northern Boulevard
Long Island City, NY 11101

<u>**ADVANCE NOTICE OF POTENTIAL INFRINGEMENT**</u>

On behalf of our client The Univision Network Limited Partnership ("UNLP"), we hereby submit this advance notice of potential infringement to Aereo, Inc. f/k/a Bamboom Labs, Inc. ("Aereo"), pursuant to Section 411(c) (formerly 411(b)) of the United States Copyright Act, 17 U.S.C. § 411(c), and Section 201.22 of the Copyright Office's regulations, 37 C.F.R. § 201.22 (2011).

The Federal Communications Commission has licensed Univision New York LLC (an affiliate of UNLP) to operate the television station identified by the call letters WXTV-DT ("WXTV"), the signal of which is broadcast to viewers over-the-air on channel 41 in the New York City market.

WXTV will telecast the following programs from March 14, 2012 – March 19, 2012:

| Program | Air Date | Time (Eastern Standard) |
|---|---|---|
| Despierta America | March 14 | 7:00 am – 10:30 am |
| Despierta America | March 15 | 7:00 am – 10:30 am |
| Despierta America | March 16 | 7:00 am – 10:30 am |
| Despierta America | March 19 | 7:00 am – 10:30 am |
| El Gordo y la Flaca | March 14 | 4:00 pm – 5:00 pm |
| El Gordo y la Flaca | March 15 | 4:00 pm – 5:00 pm |
| El Gordo y la Flaca | March 16 | 4:00 pm – 5:00 pm |
| El Gordo y la Flaca | March 19 | 4:00 pm – 5:00 pm |
| Primer Impacto | March 14 | 5:00 pm – 6:00 pm |
| Primer Impacto | March 15 | 5:00 pm – 6:00 pm |
| Primer Impacto | March 16 | 5:00 pm – 6:00 pm |
| Primer Impacto | March 19 | 5:00 pm – 6:00 pm |
| Noticiero Univision | March 14 | 6:30 pm – 7:00 pm |
| Noticiero Univision | March 15 | 6:30 pm – 7:00 pm |

| Program | Air Date | Time (Eastern Standard) |
|---|---|---|
| Noticiero Univision | March 16 | 6:30 pm – 7:00 pm |
| Noticiero Univision | March 19 | 6:30 pm – 7:00 pm |
| Noticiero Univision – Edicion Nocturna | March 14 | 11:30 pm – 12:00 am |
| Noticiero Univision – Edicion Nocturna | March 15 | 11:30 pm – 12:00 am |
| Noticiero Univision – Edicion Nocturna | March 16 | 11:30 pm – 12:00 am |
| Noticiero Univision – Edicion Nocturna | March 19 | 11:30 pm – 12:00 am |
| Noticiero Univision – Fin de Semana | March 17 | 6:30 pm – 7:00 pm |
| Noticiero Univision – Fin de Semana | March 18 | 6:30 pm – 7:00 pm |
| Republica Deportiva | March 18 | 11:00 am – 1:00 pm |

Each telecast will be a copyrighted work consisting of sounds and images, the first fixation of which will be made simultaneously with its transmission. UNLP will be considered the author of these works upon their fixation. Furthermore, as the copyright owner, UNLP intends to secure copyright in these works upon their fixation.

UNLP objects to Aereo's streaming of these telecasts to Aereo subscribers via the Aereo service (www.aereo.com). Aereo's streaming of these telecasts would, if carried out, subject Aereo to liability for copyright infringement. In view of this notice, such infringement would be willful.

This notice does not purport to be a full or complete statement of the facts or the law and is without prejudice to any rights, claims, and remedies available to UNLP, whether legal or equitable in nature, all of which are expressly reserved.

Please contact the undersigned, a duly authorized agent of UNLP, if you have any questions about this notice.

Sincerely,

Scott B. Wilkens

**ATTACHMENT 3**

# JENNER&BLOCK

March 1, 2012

Jenner & Block LLP          Chicago
1099 New York Avenue, NW    Los Angeles
Suite 900                   New York
Washington, DC 20001        Washington, DC
Tel  202-639-6000
www.jenner.com

**VIA HAND DELIVERY
AND OVERNIGHT MAIL**

SCOTT B. WILKENS
TEL  (202) 639-6072
FAX (202) 661-4832
SWILKENS@JENNER.COM

Mr. Chet Kanojia
Aereo, Inc.
37-18 Northern Boulevard
Long Island City, NY 11101

## ADVANCE NOTICE OF POTENTIAL INFRINGEMENT

On behalf of our client Univision Television Group, Inc. ("UTG"), we hereby submit this advance notice of potential infringement to Aereo, Inc. f/k/a Bamboom Labs, Inc. ("Aereo"), pursuant to Section 411(c) (formerly 411(b)) of the United States Copyright Act, 17 U.S.C. § 411(c), and Section 201.22 of the Copyright Office's regulations, 37 C.F.R. § 201.22 (2011).

The Federal Communications Commission has licensed Univision New York LLC (a subsidiary of UTG) to operate the television station identified by the call letters WXTV-DT ("WXTV"), the signal of which is broadcast to viewers over-the-air on channel 41 in the New York City market.

WXTV will telecast the following programs from March 14, 2012 – March 19, 2012:

| Program | Air Date | Time (Eastern Standard) |
|---------|----------|------------------------|
| Al Despertar* | March 14 | 5:00 am – 7:00 am |
| Al Despertar | March 15 | 5:00 am – 7:00 am |
| Al Despertar | March 16 | 5:00 am – 7:00 am |
| Al Despertar | March 19 | 5:00 am – 7:00 am |
| Noticias 41 | March 14 | 6:00 pm – 6:30 pm |
| Noticias 41 | March 15 | 6:00 pm – 6:30 pm |
| Noticias 41 | March 16 | 6:00 pm – 6:30 pm |
| Noticias 41 | March 19 | 6:00 pm – 6:30 pm |
| Noticias 41 | March 14 | 11:00 pm – 11:30 pm |
| Noticias 41 | March 15 | 11:00 pm – 11:30 pm |
| Noticias 41 | March 16 | 11:00 pm – 11:30 pm |
| Noticias 41 | March 19 | 11:00 pm – 11:30 pm |
| Noticias 41 | March 17 | 6:00 pm – 6:30 pm |

---

* Also known as "Noticias Univision 41."

| Program | Air Date | Time (Eastern Standard) |
|---|---|---|
| Noticias 41 | March 18 | 6:00 pm – 6:30 pm |
| Noticias 41 | March 17 | 11:00 pm – 11:30 pm |
| Noticias 41 | March 18 | 11:00 pm – 11:30 pm |

Each telecast will be a copyrighted work consisting of sounds and images, the first fixation of which will be made simultaneously with its transmission.  UTG will be considered the author of these works upon their fixation.  Furthermore, as the copyright owner, UTG intends to secure copyright in these works upon their fixation.

UTG objects to Aereo's streaming of these telecasts to Aereo subscribers via the Aereo service (www.aereo.com).  Aereo's streaming of these telecasts would, if carried out, subject Aereo to liability for copyright infringement.  In view of this notice, such infringement would be willful.

This notice does not purport to be a full or complete statement of the facts or the law and is without prejudice to any rights, claims, and remedies available to UTG, whether legal or equitable in nature, all of which are expressly reserved.

Please contact the undersigned, a duly authorized agent of UTG, if you have any questions about this notice.

Sincerely,

Scott B. Wilkens

**ATTACHMENT 4**

J E N N E R & B L O C K

March 1, 2012

Jenner & Block LLP          Chicago
1099 New York Avenue, NW    Los Angeles
Suite 900                   New York
Washington, DC 20001        Washington, DC
Tel 202-639-6000
www.jenner.com

**VIA HAND DELIVERY**
**AND OVERNIGHT MAIL**

Scott B. Wilkens
Tel (202) 639-6072
Fax (202) 661-4832
swilkens@jenner.com

To: Mr. Chet Kanojia
Aereo, Inc.
37-18 Northern Boulevard
Long Island City, NY 11101

<u>**ADVANCE NOTICE OF POTENTIAL INFRINGEMENT**</u>

On behalf of our client WPIX, Inc. ("WPIX"), we hereby submit this advance notice of potential infringement to Aereo, Inc. f/k/a Bamboom Labs, Inc. ("Aereo") pursuant to Section 411(c) (formerly 411(b)) of the United States Copyright Act, 17 U.S.C. § 411(c), and Section 201.22 of the Copyright Office's regulations, 37 C.F.R. § 201.22 (2011).

The Federal Communications Commission has licensed WPIX to operate the television station identified by the call letters WPIX, New York, New York, the signal of which is broadcast to viewers over-the-air on channel 11 in the New York City market.

WPIX will telecast the following programs during the week of March 12, 2012:

| <u>Program</u> | <u>Date</u> | <u>Time (Eastern Standard)</u> |
|---|---|---|
| PIX News at 4AM | March 14, 2012 | 4:00 a.m. – 5:00 a.m. |
| PIX News at 4AM | March 15, 2012 | 4:00 a.m. – 5:00 a.m. |
| PIX News at 4AM | March 16, 2012 | 4:00 a.m. – 5:00 a.m. |
| PIX News at 5 | March 14, 2012 | 5:00 p.m. – 6:00 p.m. |
| PIX News at 5 | March 15, 2012 | 5:00 p.m. – 6:00 p.m. |
| PIX News at 5 | March 16, 2012 | 5:00 p.m. – 6:00 p.m. |
| PIX News at Ten | March 14, 2012 | 10:00 p.m. – 11:00 p.m. |
| PIX News at Ten | March 15, 2012 | 10:00 p.m. – 11:00 p.m. |
| PIX News at Ten | March 16, 2012 | 10:00 p.m. – 11:00 p.m. |

Each telecast will be a copyrighted work consisting of sounds and images, the first fixation of which will be made simultaneously with its transmission. WPIX will be considered the author of these works upon their fixation. Furthermore, as the copyright owner, WPIX intends to secure copyright in these works upon their fixation.

WPIX objects to Aereo's streaming of these telecasts to Aereo subscribers via the Aereo service (www.aereo.com). Aereo's streaming of these telecasts would, if carried out, subject Aereo to liability for copyright infringement.

This notice does not purport to be a full or complete statement of the facts or the law and is without prejudice to any rights, claims, and remedies available to WPIX, whether legal or equitable in nature, all of which are expressly reserved.

Please contact the undersigned, a duly authorized agent of WPIX, if you have any questions about this notice.

Sincerely,

Scott B. Wilkens