UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                                           )
WNET, THIRTEEN, FOX TELEVISION                             )
STATIONS, INC., TWENTIETH CENTURY                          )
FOX FILM CORPORATION, WPIX, INC.,                          )
UNIVISION TELEVISION GROUP, INC., THE                      )   ECF Case
UNIVISION NETWORK LIMITED                                  )
PARTNERSHIP, and PUBLIC                                    )
BROADCASTING SERVICE,                                      )   Case No. 12-civ-1543-AJN
                                                           )
          *Plaintiffs*,                                    )
                                                           )
                    v.                                     )
                                                           )
AEREO, INC. f/k/a BAMBOOM LABS, INC.,                      )
                                                           )
          *Defendant*.                                     )
                                                           )
_____                        )

**INITIAL PRE-HEARING MEMORANDUM
ON WNET PLAINTIFFS' UNFAIR COMPETITION CLAIM**

At the scheduling conference held on March 13, 2012, the Court requested briefs from the parties, in advance of expedited discovery, outlining their principal legal arguments.  This memorandum, submitted by Plaintiffs WNET, THIRTEEN, Fox Television Stations, Inc., Fox Film Corporation, WPIX, Inc., The Univision Network Limited Partnership, and Public Broadcasting Service (collectively, "WNET Plaintiffs"), addresses their unfair competition claim under New York common law, which is an alternative to their claim for direct copyright infringement of the public performance right under 17 U.S.C. § 106(4).  Concurrently with the filing of this brief, the WNET Plaintiffs and the plaintiffs in the related case *American Broadcasting Companies, Inc., et al. v.*

*Aereo, Inc.*, 12-cv-1540-AJN, are jointly submitting a memorandum explaining why injunctive relief should be granted on their copyright claims.

**ARGUMENT**

Plaintiffs should prevail on their federal copyright claims because Aereo's retransmission of plaintiffs' broadcasts to any and all Aereo paying subscribers plainly is an unauthorized *public* performance in violation of the Copyright Act.  In addition, Aereo and similar would-be infringers must understand that to the extent the Copyright Act does not protect plaintiffs' works, the New York common law does.  If Aereo could establish that its retransmissions to subscribers are "private" performances, it might escape liability under the Copyright Act, but Aereo would then be liable for unfair competition under New York law.

Bearing in mind that expedited discovery has yet to occur, Aereo's business model appears to represent a paradigmatic case of unfair competition under New York common law.  Aereo's entire business is based on appropriating and exploiting the fruits of Plaintiffs' labor in order to compete directly with Plaintiffs and undermine Plaintiffs' ability to monetize their content.  Indeed, Aereo is unabashedly using Plaintiffs' valuable content as its start-up capital.  It does not license any content or produce any content of its own.  New York unfair competition law has long forbidden piratical commercial practices in which new market entrants like Aereo misappropriate the property of their competitors and then use that property to the detriment of those competitors.  This is especially true when the property at issue consists of many of the most popular television shows and motion pictures in the United States.  Accordingly, if the Court concludes – which it should not – that Aereo is engaged in purely private performances that fall

2

outside the scope of Section 106 of the Copyright Act, the Court nonetheless should hold Aereo liable under New York unfair competition law, which would not be pre-empted.

### I. Unfair Competition Under New York Law

The "'basic principle [of the tort of unfair competition] is that commercial unfairness should be restrained whenever it appears that there has been a misappropriation, for the advantage of one person, of a property right belonging to another.'" *ITC Ltd. v. Punchgini, Inc.*, 880 N.E.2d 852, 859 (N.Y. 2007) (quoting *Vaudable v. Montmartre, Inc.*, 20 Misc. 2d 757, 759 (N.Y. Sup. Ct. 1959)); *Telecom, Am. Int'l Ltd. v. AT&T Corp.*, 280 F.3d 175, 197 (2d Cir. 2001) (same).

A plaintiff proves unfair competition by showing "that (1) plaintiff invested substantial time, effort, and money to establish the misappropriated property, (2) defendant appropriated that property for its own use without paying compensation, (3) plaintiff was injured by the appropriation." 3-15 N.Y. PRACTICE GUIDE: BUSINESS AND COMMERCIAL § 15.08[6][c][i] (2011).[1]

At its essence, then, the tort of unfair competition is the bad faith "taking [of] 'the skill, expenditures and labors of a competitor.'" *Roy Export Co. v. Columbia Broad. Sys., Inc.*, 672 F.2d 1095, 1105 (2d Cir. 1982) (quoting *Electrolux Corp. v. Val-Worth, Inc.*, 161 N.E.2d 197, 203 (N.Y. 1959)); *Saratoga Vichy Spring Co. v. Lehman*, 625 F.2d 1037, 1044 (2d Cir. 1980); *FTA Market Inc. v. Vevi, Inc.*, No. 11-cv-4789-VB, --- F.

---

[1] The preliminary injunction standard that applies to Plaintiffs' public performance claim would apply equally to Plaintiffs' unfair competition claim, and New York courts have frequently awarded preliminary injunctive relief to restrain unfair competition. *E.g., City Store Gates Mfg. Corp. v. United Steel Prods., Inc.*, 79 A.D.2d 671, 671 (N.Y. App. Div. 2d Dep't 1980) ("A preliminary injunction may be issued to prohibit acts which wrongfully suppress competition or amount to unfair competition.").

Supp. 2d ---, 2012 WL 383945, at *6 (S.D.N.Y. Feb. 1, 2012) ("A defendant has acted unfairly when he misappropriates the skill, expenditures, or labor of a competitor").

The tort "usually concerns the taking and use of the plaintiff's property to compete against the plaintiff's own use of the same property." *Roy Export Co.*, 672 F.2d at 1105.  But it is a "'broad and flexible doctrine,' that depends 'more on the facts set forth . . . than in most causes of action.'" *Id.* (quoting *Metro. Opera Ass'n v. Wagner-Nichols Recorder Corp.*, 199 Misc. 786, 792 (N.Y. Sup. Ct. 1950)), *aff'd*, 279 A.D. 632 (1st Dep't 1951).  Indeed, "[t]he tort is adaptable and capacious." *Id.*; *see also Apple Corps, Ltd. v. Adirondack Group*, 124 Misc. 2d 351, 354 (N.Y. Sup. Ct. 1983) ("[Where] the apparent purpose is to reap where one has not sown, or to gather where one has not planted, or to build upon, or profit from, the name, reputation, good will or work of another such actions will be enjoined as unfair competition" (internal quotation marks omitted; bracket in original)).

Moreover, the breadth and flexibility of the unfair competition tort allow it to keep pace with newly-emerging piratical businesses like Aereo's.  "The growth of the protection against such 'parasitism' reflects the requirement that the courts and the law keep pace with the mushrooming increases in business complexity and the concomitant opportunities afforded thereby for chicanery." *Electrolux*, 161 N.E.2d at 204.  Thus, "'[t]he incalculable variety of illegal commercial practices denominated as unfair competition is proportionate to the unlimited ingenuity that overreaching entrepreneurs and trade pirates put to use.'" *Id.* (quoting *Ronson Art Metal Works, Inc.* v. *Gibson Lighter Mfg. Co.*, 3 A.D. 2d 227, 230-32 (N.Y. App. Div. 1st Dep't 1957)).

Discovery will show that Aereo misappropriates the WNET Plaintiffs' valuable programming without compensation. Aereo does not dispute that its arrays of thousands of tiny antennas receive the WNET Plaintiffs' broadcast signals. These signals, and the valuable programming they contain, are then retransmitted for a fee to Aereo's subscribers, without any payment to the WNET Plaintiffs. The misappropriation could not be more clear. Aereo does not purport to produce any content of its own or to license any content from copyright holders. Instead, Aereo simply takes the content of others, including that of the WNET Plaintiffs, without permission and without compensation, in order to directly compete with them. New York unfair competition law has long prohibited this kind of parasitic behavior.

## II.  Federal Copyright Law Does Not Preempt Plaintiffs' Unfair Competition Claim.

Plaintiffs' unfair competition claim is not preempted by the Copyright Act. Because the right to make a "private" performance is not one of the exclusive rights granted under the Copyright Act, the Copyright Act does not preempt an unfair competition claim arising out of Aereo's misappropriation of plaintiffs' works through any "private" performances. This conclusion is compelled by § 301 of the Copyright Act and controlling Second Circuit precedent.

Copyright preemption is purely statutory. Section 301 (a) of the Copyright Act provides that:

> On and after January 1, 1978, all legal or equitable rights that are ***equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106*** in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title.

5

17 U.S.C. § 301(a) (emphasis added).  The Act emphasizes the limits of preemption by precluding a finding of preemption "with respect to . . . activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . ."  17 U.S.C. § 301(b).

In unequivocal terms, the Second Circuit has consistently held that a right is "equivalent to [one] of the exclusive rights within the general scope of copyright as specified by section 106" only if the right defined by state law "may be abridged by an act which, ***in and of itself***, would ***infringe*** one of the exclusive rights" under copyright.  *Barclays Capital Inc. v. Theflyonthewall.com, Inc.*, 650 F.3d 876, 892-93 n.25 (2d Cir. 2011) (emphasis added; quotation marks omitted); *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 850 (2d Cir. 1997); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992); *Harper & Row Publishers, Inc. v. Nation Enters.*, 723 F.2d 195, 200 (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 539 (1985).

In discussing the relationship between Section 106 and preemption, the Second Circuit has explained that preemption applies when "the state law claim seeks to vindicate 'legal or equitable rights that are equivalent' to one of the bundle of exclusive rights ***already protected*** by copyright law under 17 U.S.C. § 106."  *Nat'l Basketball Ass'n* , 105 F.3d at 848 (emphasis added).

Private performance is not within the scope of Section 106 of the Copyright Act.  Therefore, a private performance does not infringe any of the exclusive rights under copyright and is not a right "already protected" by copyright law.  Thus, if Aereo is engaged in acts of private performance that do not "in and of [themselves]" infringe Section 106(4), a state law claim directed to that activity is not preempted.

## CONCLUSION

For the foregoing reasons, if Aereo is found to be engaged in "private" performances, the WNET Plaintiffs would be entitled to preliminary injunctive relief on their alternative unfair competition claim under New York law.

Respectfully submitted,

March 21, 2012

   /s/ Steven B. Fabrizio
Steven B. Fabrizio (No. SF-8639)
Steven R. Englund
Scott B. Wilkens
JENNER & BLOCK LLP
1099 New York Avenue N.W., Ste 900
Washington, DC  20005-3823
Telephone (202) 639-6000
Facsimile (202) 639-6066

David J. Bradford
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60656-3456
Telephone (312) 222-9350
Facsimile (312) 527-0484

Kenneth D. Klein
JENNER & BLOCK LLP
633 West 5th Street
Suite 3600
Los Angeles, CA 90071-2054
Telephone (213) 239-5100
Fascimile (213) 239-5199

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Steven B. Fabrizio, hereby certify that on March 21, 2012, I caused a true copy of the foregoing **INITIAL PRE-HEARING MEMORANDUM ON WNET PLAINTIFFS' UNFAIR COMPETITION CLAIM** to be served on all parties via ECF.

                                                 /s/ Steven B. Fabrizio
                                                Steven B. Fabrizio