UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                            )
WNET ET AL,                                 )
                                            )
  *Plaintiffs*,                             )   Case No. 12-civ-1543 (AJN)
                                            )
        v.                                  )   [Related Case No. 12-civ-1540]
                                            )
AEREO, INC.,                                )
                                            )
  *Defendant*.                              )
                                            )
_____ )

## WNET PLAINTIFFS' SCHEDULING PROPOSAL

Steven B. Fabrizio
 (sfabrizio@jenner.com)
Scott B. Wilkens
 (swilkens@jenner.com)
JENNER & BLOCK LLP
1099 New York Avenue, N.W.
Washington, DC  20001-4412
Telephone (202) 639-6000
Facsimile (202) 639-6066

Richard L. Stone
 (rstone@jenner.com)
Kenneth D. Klein
 (kklein@jenner.com)
Julie A. Shepard
 (jshepard@jenner.com)
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone (213) 239-5100
Facsimile (213) 239-5199

Pursuant to this Court's August 17, 2012 Order, Plaintiffs WNET, Thirteen, Fox Television Stations, Inc., Twentieth Century Fox Film Corp., WPIX, Inc., Univision Television Group, Inc., The Univision Network Limited Partnership and Public Broadcasting Service (collectively, the "WNET Plaintiffs") hereby submit their proposal regarding the schedule for the continued litigation of their case against Defendant Aereo, Inc. ("Defendant" or "Aereo").

The WNET Plaintiffs' proposed schedule permits them to complete discovery on their public performance copyright infringement claim and to take the discovery necessary to prepare for summary judgment and/or trial on the claim that Aereo has also infringed reproduction rights. The latter claim encompasses the claims that Aereo (a) has directly (or in the alternative secondarily) infringed plaintiffs' copyrights through the unauthorized reproductions made by Aereo in connection with Aereo's "Watch Now" functionality, and (b) has secondarily infringed plaintiffs' copyrights through the unauthorized reproductions made by Aereo in connection with Aereo's "Record" functionality (collectively, "Unauthorized Reproduction Claims").[1]  The WNET Plaintiffs' proposed schedule will enable this matter to be ready for trial in early summer of 2013.

The WNET Plaintiffs' counsel has discussed their proposed schedule set forth in Section I, below, with Aereo's counsel.  In response, Aereo indicated that it will be proposing that the case be stayed, which the WNET Plaintiffs object to given the ongoing irreparable harm that they are suffering as explained in further detail in Section II, below.

---

[1]  Plaintiffs Public Broadcasting Service, WPIX, Inc., WNET and Thirteen are not, at this time, pursuing claims against Defendant based on unauthorized reproductions, but join in the proposed schedule so as to complete discovery on their public performance infringement claim.

2134474.3

**I.      PROPOSED DEADLINES**

1. <u>Magistrate Judge</u>:  The WNET Plaintiffs do not consent to conducting all further proceedings before a United States Magistrate Judge.

2. <u>Settlement discussions</u>:  No settlement discussions have take place.  The WNET Plaintiffs do not believe that such discussions would be fruitful at this time.

3. <u>Rule 26 Conference</u>:  The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

4. <u>Motions to amend or join additional parties</u>:  Last day to file – December 14, 2012.

5. <u>Initial Disclosures</u> pursuant to Fed. R. Civ. P. 26(a)(1):  Exchanged on or before Friday, September 28, 2012.

6. <u>Fact Discovery</u>:  Complete by Friday, February 22, 2013.

7. <u>Expert Discovery</u>:  Complete by Monday, April 8, 2013.

    a. No later than January 23, 2013, the WNET Plaintiffs and Defendant shall meet and confer on a schedule for expert disclosures, including reports (principal, opposition and rebuttal reports), production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed April 8, 2013.

8. <u>Summary Judgment Motions</u>:  Last day to file – Wednesday, May 8, 2013.

    a. In the event either side decides to file a motion for summary judgment, the WNET Plaintiffs anticipate that the parties will meet and confer about a briefing schedule for the motion(s) prior to filing the motion and will submit a stipulation to the Court setting forth a proposed briefing schedule.

9. <u>Pretrial filings and trial ready date</u>:  The WNET Plaintiffs propose that the Court require (a) that the parties meet and confer regarding a proposed schedule that is in compliance

3

with this Court's Individual Practices and submit it to the Court no later than April 12, 2013, and/or (b) that a further Case Management Conference be set in April 2013 where the schedule for the pretrial filings and trial ready date will be discussed and set.

## II. THE COURT SHOULD NOT STAY THESE PROCEEDINGS

It is well established that litigation proceeds on the merits in the district court during interlocutory appeals of orders granting or denying preliminary injunctions. *See, e.g., New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989) (finding that, during an appeal from an order granting or denying a preliminary injunction motion, "the matter does not leave the district court, but proceeds there on the merits, unless otherwise ordered"); *Pharmaceutical Care Mgmt. Ass'n v. Maine Att. Gen.,* 332 F. Supp. 2d 258, 259 (D. Me. 2004) (denying request to stay action pending appeal and collecting cases from the Second, Third, Fifth, Eighth and D.C. Circuits stating the Circuits which have considered the issue have urged trial courts to continue their proceedings while an interlocutory appeal is pending). *Accord, Conkleton v. Zavaras*, 2009 WL 1384166, *2 (D. Colo. May 15, 2009) (court rejected the argument that it had lost jurisdiction over all issues in the amended complaint since they were identical or related to the claims raised in the preliminary injunction ruling on appeal and also denied a request to stay discovery pending the appeal noting that stays were disfavored). Indeed, the United States Supreme Court explained over 100 years ago that, by allowing an interlocutory appeal, it was not "intended that the cause as a whole should be transferred to the appellate court prior to the final decree. The case, except for the hearing on appeal from the interlocutory order, is to proceed in the lower court as though no such appeal has been taken, unless otherwise specially ordered." *Ex Parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156, 161-62 (1906).

4

Consequently, cases routinely proceed through pretrial discovery, summary judgment motion practice, trial and permanent injunction determinations after a notice of appeal is filed from a preliminary injunction order and while the appeal is pending. *See, e.g., Webb v. GAF Corp.*, 78 F.3d 53, 55 (2d Cir. 1996) (holding that district court had jurisdiction to issue a permanent injunction during pendency of an appeal from the order granting the preliminary injunction); *Fairchild Semiconductor Corp. v. Third Dimension,* 2009 WL 790105, *1 (Fed. Cir. Mar. 25, 2009) (denying motion to stay all proceedings pending disposition of appeal from a preliminary injunction; noting that, while a district court may not amend an injunction or make findings on an injunction during the pendency of an appeal, "the district court may proceed with the litigation and permit discovery, enter rulings on summary judgment, or hold a trial on the merits.").

Aereo apparently seeks to depart from this routine practice and has informed the WNET Plaintiffs that Aereo will suggest to this Court that it should stay the litigation. Other than vaguely claiming that a stay would somehow serve the "interest of judicial economy," Aereo has not provided any basis to the WNET Plaintiffs for its stay request. Aereo cannot overcome the strong presumption that this case should proceed on the merits in this Court during the pendency of the interlocutory appeal.

First, stating the obvious, a decision at the preliminary injunction stage is, by definition, preliminary as a court has only found a likelihood of success on the merits and typically the evidentiary record is incomplete or limited. *See, e.g.*, *Pharmaceutical Care Mgmt. Ass'n,* 332 F. Supp. 2d at 260 ("By definition, the Orders [granting preliminary injunctions] could not hold that the plaintiff would in fact succeed on the merits after discovery and trial."). That was the case here as, among other things, the WNET Plaintiffs were unable to conduct full testing of the Aereo antenna boards, including destructive testing, and did not present this Court with the

5

2134474.3

evidence that will result from such testing once it is completed.  Slip Opinion, entered July 11, 2012 [Dkt. No. 109] ("Slip. Op.") at 9.  There also remains other limited discovery relating to the performance claim that the WNET Plaintiffs were not able to complete during the expedited preliminary injunction schedule.

Second, as noted in this Court's opinion, the issue presented at the preliminary injunction stage was limited to challenging the aspects of Aereo's service that allows Aereo's subscribers to view the WNET Plaintiffs' copyrighted television programs with the over-the-air broadcast of these programs.  Slip. Op. at 2.  This Court did not consider the Unauthorized Reproduction Claims in ruling on the motion for preliminary injunction, the pending appeal will not impact those claims, and discovery related to the Unauthorized Reproduction Claims has not been taken.  Thus, regardless of the outcome of the appeal, the Unauthorized Reproduction Claims will need to be addressed, and a stay would merely create delay.

Third, and more fundamentally, this Court has already found that the WNET Plaintiffs are suffering irreparable harm by virtue of Aereo's ongoing unauthorized retransmission of the WNET Plaintiffs' copyrighted programs.  Slip. Op. at 39 ("The evidence establishes that Plaintiffs will suffer irreparable harm in the absence of a preliminary injunction.")  Underpinning this conclusion are the following findings:

- "Aereo will damage Plaintiffs' ability to negotiate with advertisers by siphoning viewers from traditional distribution channels." *Id.*

- "[T]he evidence shows that by poaching viewers from cable or other companies that license Plaintiff's content, Aereo's activities will damage Plaintiffs' ability to negotiate retransmission agreements." *Id.* at 40; and

2134474.3

- By disrupting the WNET Plaintiffs' ability to capitalize on their own investments in Internet streaming architecture, Aereo's activities will in turn undermine the WNET Plaintiffs' own agreements with their online transmission partners. *Id.* at 42.

This Court further found that the WNET Plaintiffs' irreparable harm "is not speculative." Slip Op. at 41. This irreparable harm will be compounded by any stay of this litigation because a stay will result in a delay in this Court deciding this case on its merits.

Six weeks after this Court made the above irreparable harm findings, the Second Circuit re-affirmed that unauthorized retransmissions of broadcasts over the Internet cause irreparable harm to the copyright holders such as the WNET Plaintiffs. *WPIX, Inc. v. ivi, Inc.* ("*ivi*"), --- F.3d ---, 2012 WL 3645304, at *8 (2d Cir. Aug. 27, 2012). The *ivi* court explained that retransmission consent is a "substantial and growing revenue source for the television programming industry," and that negotiated Internet retransmissions "typically delay Internet broadcasts as not to disrupt" the broadcast distribution model. *Id.* Illegal Internet streaming would make copyrighted programming available "live" at times when the owners did not intend it to be, thereby "reducing [the programming's] 'live' value and undermining existing and prospective retransmission fees, negotiations, and agreements." *Id.* at *9.

The *ivi* court also found that illegal Internet streaming would negatively affect advertising revenue since "[b]roadcast television stations and networks earn most of their revenues from advertising … [and] advertisers pay substantial fees to target specific audiences … [that] are often determined by the number of viewers and their demographic profiles." *Id.* Because Internet viewers are not counted in advertisers metrics, illegal streaming "weaken[s] [broadcasters'] negotiation position with advertisers." *Id.*

7

Finally, the *ivi* court held illegal Internet streaming would "drastically change the [broadcast television] industry" because it would encourage other Internet services to follow in defendant's footsteps, decreasing the strength of broadcasters' "negotiating platform and business model." *Id*. Indeed, the "quantity and quality of efforts put into creating television programming, retransmission and advertising revenues, distribution models, and schedules – all would be adversely affected. … [This] would thus <u>threaten to destabilize the entire industry</u>." *Id.* (emphasis added). Thus, based on this Court's findings and the holdings of *ivi*, there can be no dispute that the WNET Plaintiffs are suffering irreparable harm due to Aereo's ongoing, unauthorized live Internet streaming service.

And, that irreparable harm will only be exacerbated with the passage of time as other companies copy Aereo's blueprint. That has already started. In August 2012, an Aereo-copycat service was launched by a company called Aereokiller, LLC with the web address barrydriller.com (now filmonx.com) which, like Aereo provides live, unauthorized retransmissions of some of the WNET Plaintiffs' broadcasts over the Internet. This copycat service claims to use tiny antennas deployed across the country and the service is currently available in New York, Los Angeles, Chicago and Minneapolis.[2] Delaying resolution of this case on the merits by staying it will only provide more time for such copycat services to be launched resulting in further irreparable injury to the WNET Plaintiffs.

When determining whether to issue a stay, a court considers the same four factors that apply to a request for a preliminary injunction: (1) whether the party seeking the stay will be irreparably injured absent a stay; (2) whether the issuance of the stay will substantially injure the other parties to the proceeding; (3) where the public policy lies; and (4) whether the party

---

[2] The impacted broadcasters have filed suit in the Central District of California where they will be filing preliminary injunction motions after obtaining expedited discovery.

2134474.3

seeking the stay has made a strong showing that it is likely to prevail. *See, e.g., United States v. Stein*, 452 F. Supp. 2d 281, 282-83 (S.D.N.Y. 2006) (denying motion to stay trial pending appeal). "The party seeking the stay bears a heavy burden to 'establish[ ] a favorable balance of these factors.'" *Natural Res. Def. Council v. U.S. Food and Drug Admin.*, 2012 WL 3229296, at *10 (S.D.N.Y. Aug. 8, 2012) (citations omitted). And, "even if a party makes a robust showing that it is likely to succeed on appeal, it still must show that 'irreparable injury is likely.'" *Id.* at *13-*14 (denying motion to stay where party seeking stay failed to show, among other things, that it would suffer irreparable injured absent a stay), quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22, 129 S.Ct. 365, 172 L. Ed. 2d 249 (2008).

In contrast to the undisputed irreparable harms that are being inflicted on the WNET Plaintiffs, Aereo cannot claim that it will suffer any harm, let alone irreparable harm, absent a stay pending appeal. Aereo continues to provide its service and has touted its plans for expansion repeatedly since this Court issued its Order. And, based on Aereo's previous assertions, Aereo also benefits from having this case decided on the merits as quickly as possible as Aereo has claimed that uncertainty as to the legality of its business model harms Aereo in terms of its "ability to attract investment, capital and talent critical to its long-term survival." *See* Response of Aereo to Motion of Appellants to Expedite Appeal, pp. 2, 4-5, Second Circuit Court of Appeals, Case No. 12-2786, Dkt. No. 35 (filed 7/25/2012). As Aereo cannot establish it will suffer irreparable harm, its request for a stay must be denied on this basis alone. *Natural Res. Def. Council*, 2012 WL 3229296, at *13-*14.

A consideration of the other three factors further demonstrates that Aereo's request for a stay should be denied. As detailed above, the record establishes that the WNET Plaintiffs are suffering a multitude of irreparable harms because Aereo continues to provide its unauthorized retransmission service over the Internet. A stay of the litigation will delay the resolution of this

2134474.3

case on its merits and compound the irreparable harm inflicted on the WNET Plaintiffs. Thus, the second factor tips decidedly in favor of denying any stay.

Public policy also favors denial of a stay. As the Second Circuit recently found when affirming the issuance of a preliminary injunction prohibiting unauthorized streaming of broadcasts over the Internet, public policy favors protecting the rights of copyright holders such as the WNET Plaintiffs:

> the public has a compelling interest in protecting copyright owners' marketable rights to their work and the economic incentive to continue creating television programming. Inadequate protections for copyright owners can threaten the very store of knowledge to be accessed; encouraging the production of creative work thus ultimately serves the public's interest in promoting the accessibility of such works.

*ivi*, --- F.3d ---, 2012 WL 3645304, at *11. The only effective way for the rights of the copyright holders to be vindicated in this action is for there to be a prompt resolution of the WNET Plaintiffs' copyright infringement claims on the merits under the schedule proposed by the WNET Plaintiffs. Stated a different way, the public policy favoring copyright protection would be undermined and disserved by a delay in this Court deciding the WNET Plaintiffs' copyright infringement claims on the merits. Therefore, the third factor tips decidedly in favor of denying Aereo's request for a stay.

Aereo also cannot satisfy the likelihood of success on the merits factor of the four-part test because it is on the wrong side of the dispute as explained by the court in *PartyLite Gifts, Inc. v. Swiss Colony Occasions*, 2007 WL 2351287 (E.D. Tenn. Aug. 14, 2007). Like here, the court in *PartyLite Gifts* had denied the plaintiff's motion for a preliminary injunction and the plaintiff appealed. The defendants there, like Aereo here, requested a stay of the proceedings pending appeal. After evaluating only the likelihood of success factor in such circumstances, the

*PartyLite Gifts* court denied the stay finding that defendants could not satisfy the likelihood of success factor because, in the context of a stay pending appeal, likelihood of success means a likelihood of *reversing* the ruling on appeal, and that was the opposite of defendant's position (like Aereo's), which was that the ruling on appeal denying the injunction should be upheld:

> Here, given that plaintiff initiated the interlocutory appeal [*see* Doc. 44] of the Court's denial of its motion for a preliminary injunction [Doc. 43], defendants are in the position of arguing that the Sixth Circuit should uphold this Court's decision on the motion for a preliminary injunction.  Thus, they are effectively on the wrong side of the dispute for the purpose of requesting a stay pending the interlocutory appeal, as they are arguing that the Court should be upheld and not reversed-on its denial of plaintiff's motion for a preliminary injunction.  *See Griepentrog,* 945 F.2d at 153 ("In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal.").  Accordingly, defendants' motion to stay [Doc. 45] is respectfully **DENIED.**

*Id.* at *1.

Finally, to the extent Aereo attempts to rest its argument for a stay on the presumption that the Second Circuit will affirm this Court's decision and do so in a manner that resolves the public performance issue with finality, the Unauthorized Reproduction Claims would remain as an independent basis of liability.  *See* Slip Op. at 2.  Further, the Unauthorized Reproduction Claims seek broader relief than the denied preliminary injunction now on appeal.  Thus, staying the proceedings will only result in delay, not efficiency.  And, the delay will result in further irreparable harm to the WNET Plaintiffs.

...

For all of these reasons, Aereo's request for a stay should be denied, and the Court should adopt the WNET Plaintiffs' proposed schedule.

September 14, 2012

                                            Respectfully submitted,

                                            _____/s/_____
                                            Steven B. Fabrizio (No. SF-8639)
                                            Scott B. Wilkens
                                            JENNER & BLOCK LLP
                                            1099 New York Avenue, N.W.
                                            Suite 900
                                            Washington, DC  20001-4412
                                            Telephone (202) 639-6000
                                            Facsimile (202) 639-6066

                                            Richard L. Stone
                                            Kenneth D. Klein
                                            Julie A. Shepard
                                            JENNER & BLOCK LLP
                                            633 West 5th Street
                                            Suite 3600
                                            Los Angeles, CA 90071-2054
                                            Telephone (213) 239-5100
                                            Facsimile (213) 239-5199

                                            *Attorneys for Plaintiffs*

2134474.3