USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 10 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

WNET, ET AL.,

          Plaintiffs,

-v-

AEREO, INC.,

          Defendant,

-----------------------------------------------------------------X

12 Civ. 1543 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    The Court has received the attached letters in which Plaintiffs raise a putative discovery dispute regarding the production of Aereo antenna boards. Based on the representations by defense counsel that the antenna boards will be shipped as soon as payment for those boards is remitted—an issue suitable for resolution by professional counsel without Court intervention—the Court does not believe that it has been presented with a live discovery dispute. In the unlikely event that counsel are not able to resolve this issue without a Court order, they have leave to raise the issue with the Court again to explain why this matter requires Court intervention.

    SO ORDERED:

Dated: October 10, 2012
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

# JENNER&BLOCK

Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel 202-639-6000
www.jenner.com

Chicago
Los Angeles
New York
Washington, DC

October 4, 2012

Steven B. Fabrizio
Tel 202 639-6040
Fax 202 661-4823
sfabrizio@jenner.com

**<u>VIA ELECTRONIC MAIL</u>**

The Honorable Alison J. Nathan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *WNET, et al., v. Aereo, 12-Civ.-1543-AJN*

Dear Judge Nathan:

  We write to ask the Court to order Aereo to produce two antenna boards forthwith. Aereo has advised plaintiffs that it has the two boards ready for immediate shipment but Aereo is refusing to ship them.

  Plaintiffs have been confronted with Aereo's stalling on the antenna boards for the last two weeks, during which time Aereo has thrown up one hurdle or another and has sought to impose unreasonable "conditions" on its willingness to produce the antenna boards. After plaintiffs addressed each of Aereo's previous stalling tactics, Aereo – for the first time today – unilaterally imposed two new conditions. Aereo now asserts that it will not ship the antenna boards until (i) it receives full payment of $9,054.12 for the boards, and (ii) it receives back the board it produced during the preliminary injunction phase of the case.

  Plaintiffs of course have committed to paying for the new antenna boards and to returning the previously-produced board. However, these eleventh hour conditions – which serve no purpose other than delay – will in fact delay production of the antenna boards for another week or more. In doing so, Aereo will interfere with a planned upcoming meeting between plaintiffs' counsel and antenna experts (a meeting that was scheduled based on Aereo's previous indications that it would be producing the antenna boards forthwith).

  The February 22, 2013 fact discovery cutoff that plaintiffs requested and the Court ordered does not allow time for Aereo's delaying tactics. Proper analysis and testing of the boards will take considerable time. Those analyses and tests need to be commenced promptly, as the process is likely to identify and inform additional fact discovery necessary for complete antenna board analysis. That follow-up fact discovery will then need to be propounded and produced before the fact discovery cutoff. Aereo appears to be attempting to force plaintiffs to rush their testing.

Hon. Alison J. Nathan
October 4, 2012
Page 2

     Aereo's latest two conditions can only be viewed as disingenuous. Plaintiffs have unequivocally committed to returning the antenna board produced during the preliminary injunction phase. As plaintiffs advised Aereo's counsel, plaintiffs cannot conduct all the tests they want on that board because Aereo produced the board to plaintiffs with defects. From our initial receipt of the board, certain of the circuits, which control specific antenna loops, were not functioning. Plaintiffs were able to conduct their preliminary injunction analyses using other circuits, but that limited the particular antenna loops that could be tested. Thus, plaintiffs have always been prepared to return the earlier-produced antenna board.

     However, plaintiffs' antenna expert who has physical possession of the board is in France on business. It will be early next week before he is able to begin making arrangements to return the antenna board (which requires special shipping). Plaintiffs could not have made arrangements sooner, as Aereo imposed its new condition for the first time only today.[1]

     Plaintiffs also committed to pay for the boards, as they have previously represented to the Court. It was only today that Aereo sent an invoice, demanding full payment before it would ship the boards. It likely will take several days to process the invoice and arrange for payment. To avoid such a silly issue, however, plaintiffs' counsel personally guaranteed payment for the boards. With the multiple millions of dollars that have been spent on this litigation already, Aereo's professed concern about being paid $9,054.12 for the antenna boards is simply not credible. It is just another stalling tactic.

     This latest effort by Aereo to delay must also be taken in context of its conduct over the past two weeks. Plaintiffs have been working diligently to obtain the boards since the September 19 Case Management Conference with the Court. Aereo has sought to delay by imposing one unreasonable condition after another:

- o   First, Aereo insisted that it would produce the boards only when fact discovery closed and expert discovery commenced. The Court will recall that, at the September 19 hearing, plaintiffs' counsel anticipated this very issue and sought the Court's

---

[1] Knowing that Aereo would falsely accuse plaintiffs of "breaking" the board, plaintiffs offered to split the cost of the earlier-produced board with Aereo, in which case plaintiffs would just keep the board for whatever testing value it might have. Aereo declined, signaling its intent to accuse plaintiffs of violating the Court's order against destructive testing during the preliminary injunction phase. I can assure the Court, however, that plaintiffs' antenna expert advised counsel of the defective circuits immediately after his preliminary inspection upon first taking possession of the antenna board – before conducting any testing or analyses. The defective circuits are not a result of any testing or analysis by plaintiffs. In any event, Aereo's unfounded accusations about the earlier-produced antenna board cannot justify Aereo's game-playing with regard to post-preliminary injunction discovery. If Aereo has a non-frivolous basis to allege that plaintiffs failed in any way to comply with the Court's order, Aereo can assert that claim through a proper motion and plaintiffs – and the Court – will be able to address it then.

Hon. Alison J. Nathan
October 4, 2012
Page 3

> clarification: "What I don't want to have happen is walk out of here and for Aereo to say we can't request the boards because that's expert discovery." Sept. 19, 2012 Hearing, at 49:8-10 (Fabrizio). Despite the Court's explicit clarification that all fact discovery, even fact discovery in aid of expert analysis, should go forward, *id.* at 49:6-51:5, Aereo sought to delay production of the boards.

- o Second, Aereo insisted that it would produce the antenna boards only if its experts could be present during any testing. That condition was unreasonable and would have blatantly encroached on plaintiffs' attorney work product.

- o Third, Aereo then insisted that it would produce the antenna boards only if plaintiffs agreed that any testing conducted would be videotaped. Again, Aereo's unreasonable condition would violate plaintiffs' attorney work product. Plaintiffs are not conducting destructive testing on the only antenna board that exists. Aereo has dozens of identical antenna boards and can conduct its own testing. To date, it simply has chosen not to. Aereo has no right to demand access to plaintiffs' attorney work product as a condition of producing the antenna boards.

In each case, Aereo ultimately relented, but only after plaintiffs indicated they would be raising the issue with the Court.

At the September 19 hearing, the Court admonished the parties to "try to work it out among yourselves"; to "[m]eet and confer in good faith"; and to try to "[a]nticipate what [the Court is] likely to do." *Id.* at 52:13-18. While counsel for the parties generally enjoy good relations, Aereo's conduct as to the antenna boards has not met this standard. Nor is Aereo's position on the antenna boards "substantially justified" under Fed. R. Civ. P. 37(a)(5)(A).

Aereo acknowledges that the two antenna boards are ready for immediate shipment. Accordingly, plaintiffs respectfully request that the Court order Aereo to produce the two antenna boards forthwith.

Respectfully,

Steven B. Fabrizio
*Counsel for the*
*WNET Plaintiffs*

cc:   Counsel for Aereo
      Counsel for ABC Plaintiffs

GOODWIN | PROCTER

R. David Hosp
617.570.1089
dhosp@
goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

October 10, 2012

**Via Electronic Mail**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

Re: *WNET et al. v. Aereo, Inc.*, S.D.N.Y. Civ. Action No. 12-Civ-1543

Dear Judge Nathan:

We write on behalf of Defendant Aereo, Inc. ("Aereo") in response to Plaintiffs' October 4, 2012 letter regarding the production of Aereo antenna boards. It is not clear why Plaintiffs have raised this issue with the Court, as it does not appear that there is any discovery dispute that requires the Court's intervention at this time. Plaintiffs served their Requests for Production (which included the request for two antenna boards at issue) on September 24, 2012, and Aereo's response is not due until October 29, 2012. By asking the Court to order immediate production, Plaintiffs are essentially making a unilateral demand for expedited discovery, even though they have not requested an expedited discovery schedule at this stage of the case.

Although Aereo's responses to Plaintiffs' Requests for Production are not due for several weeks, Aereo has worked cooperatively with Plaintiffs to produce the antenna boards on an expedited basis. We have made clear that the boards will be produced well in advance of the October 29 production deadline, despite Plaintiffs' refusal to agree to Aereo's requests to have its expert be present for any destructive testing, or to have such testing videotaped.

The only matter that Plaintiffs take issue with is Aereo's request that Plaintiffs pay for the antenna boards before they receive the boards. To be clear, Plaintiffs do not dispute that they have to pay for the boards. Nor have Plaintiffs explained why they did not simply send the payment to Aereo, instead of bringing this matter to the Court. Rather, Plaintiffs take the position that they are entitled to have the boards *now*, even before production is required under the Federal Rules, because that is most convenient for their counsel's and experts' schedules, and they can deal with payment later.

Aereo is not attempting to stall or delay discovery—indeed, Aereo has already agreed to produce the antenna boards in advance of the October 29 production deadline. Aereo simply wants to be paid for the cost of the boards before sending them out. Indeed, Aereo is only charging Plaintiffs for the actual cost of the board materials, and not for any associated costs relating to the time

# GOODWIN | PROCTER

spent by Aereo employees. This is hardly unreasonable, particularly in light of the fact that Plaintiffs damaged the last board that Aereo sent to Plaintiffs—which Plaintiffs did *not* pay for.

Finally, Plaintiffs' claim that the last board was already damaged when it was sent to them is false. First, all Aereo boards are pre-tested, so the board that Plaintiffs received had been determined to be fully functional before it was sent to Plaintiffs. Second, the idea that Plaintiffs' expert knew that the board was damaged before he began his testing, and nonetheless chose to keep this fact a secret from Aereo and the Court, is simply not credible. Dr. Volakis conducted numerous tests on the antenna board, wrote two expert reports about his tests and the test results, and was deposed twice—and not once did Dr. Volakis say a single word about any defect in the board, even when his credibility and the reliability of his tests were repeatedly challenged. Similarly, when Plaintiffs requested that this Court permit them to conduct destructive testing on the antenna board, Plaintiffs never mentioned that there were any issues with the board. Given Plaintiffs' knee-jerk reaction in bringing this present "dispute" to the Court, weeks before the deadline for Aereo's response to Plaintiffs' Requests for Production, one would certainly expect that Plaintiffs would have raised the issue with the Court and with Aereo if Plaintiffs thought that they had been provided a defective board at the preliminary injunction stage.

Accordingly, Aereo respectfully requests that the Court deny Plaintiffs' request for expedited discovery, and order that Plaintiffs must pay Aereo for the antenna boards before Aereo ships them (which Aereo is prepared to do as soon as it receives payment).

Sincerely,

R. David Hosp

LIBA/2343358.1

**JENNER&BLOCK**

Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel 202-639-6000
www.jenner.com

Chicago
Los Angeles
New York
Washington, DC

October 10, 2012

Steven B. Fabrizio
Tel 202 639-6040
Fax 202 661-4823
sfabrizio@jenner.com

**VIA ELECTRONIC MAIL**

The Honorable Alison J. Nathan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *WNET, et al., v. Aereo, 12-Civ.-1543-AJN*

Dear Judge Nathan:

   Aereo's October 10, 2012 letter substantially misstates the state of affairs as to Aereo's delay in producing the antenna boards. As the Court will recall, plaintiffs have been requesting antenna boards for destructive testing since the preliminary injunction phase of this case. Plaintiffs hardly needed to serve additional formal requests for the boards. Indeed, plaintiffs emailed Aereo the day after the September 19 hearing with the Court seeking production of the antenna boards.

   Additionally, contrary to Aereo's current position, Aereo *agreed* to produce the boards forthwith. Aereo's October 10 letter is the first time Aereo raised its contention that production of the boards is not yet due. Respectfully, that is simply made-up and disregards Aereo's prior agreement to produce the boards now.

   The reason the Court's intervention has been required is because – after holding production of the boards hostage to unreasonable demands for two weeks, and after having finally agreed to produce the boards – at the last minute, Aereo imposed two additional unreasonable conditions (Aereo's letter notably omits Aereo's insistence that it receive shipment of the previously produced board before shipping the new board).

           Respectfully,

           Steven B. Fabrizio
           *Counsel for the*
           *WNET Plaintiffs*

cc: Counsel for Aereo
   Counsel for ABC Plaintiffs