UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., CBS BROADCASTING, INC., CBS STUDIOS INC., NBCUNIVERSAL MEDIA, LLC, NBC STUDIOS, LLC, UNIVERSAL NETWORK TELEVISION, LLC, TELEMUNDO NETWORK GROUP LLC, and WNJU-TV BROADCASTING LLC, Plaintiffs/Counterclaim Defendants, v. AEREO, INC. Defendant/Counterclaim Plaintiff. | Civil Action No. 12-CV-1540 (AJN) |
| WNET, THIRTEEN, FOX TELEVISION STATIONS, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WPIX, INC., UNIVISION TELEVISION GROUP, INC., THE UNIVISION NETWORK LIMITED PARTNERSHIP, and PUBLIC BROADCASTING SERVICE, Plaintiffs/Counterclaim Defendants, v. AEREO, INC. Defendant/Counterclaim Plaintiff. | Civil Action No. 12-CV-1543 (AJN) |

**MEMORANDUM OF LAW IN SUPPORT OF AEREO'S MOTION TO CONSOLIDATE**

Defendant Aereo, Inc. ("Aereo") hereby submits this Memorandum of Law in Support of its Motion to Consolidate the above-referenced cases. Aereo respectfully requests that this Court issue an Order consolidating *American Broadcasting Companies, Inc., et al. v. Aereo, Inc.*, No. 12-cv-1540 (AJN) (the "ABC Action") and *WNET, et al. v. Aereo, Inc.*, No. 12-cv-1543 (AJN)

(the "Fox Action") for all purposes, including pre-trial, discovery, and trial proceedings. Consolidation of the ABC Action and the Fox Action into a single action is appropriate and warranted because these two cases, which have already been designated as related cases, involve common questions of law and fact, namely, Plaintiffs' allegations that Aereo's remote DVR technology infringes their copyrighted television programming. Moreover, the cases have been proceeding in a coordinated fashion since they were filed—Plaintiffs filed a joint motion for preliminary injunction shortly after filing their complaints, Plaintiffs coordinated their expedited discovery efforts in preparation for the hearing on their joint motion, and a consolidated hearing was held on Plaintiffs' joint motion. Since the Court denied Plaintiffs' joint motion for preliminary injunction, a joint status conference has been held for the two cases, and the same discovery schedule has been entered in both cases. Accordingly, consolidation of these two cases will continue to promote the interests of judicial economy and efficiency.

## PROCEDURAL AND FACTUAL BACKGROUND

Both sets of Plaintiffs filed lawsuits against Aereo on March 1, 2012, alleging that Aereo infringes Plaintiffs' copyrights in certain television programming by providing technology that allows consumers to access and record Plaintiffs' over-the-air television broadcasts. In particular, Plaintiffs alleged that Aereo infringes Plaintiffs' exclusive rights of public performance and reproduction under 17 U.S.C. § 106. Plaintiffs in the Fox Action also brought a claim against Aereo for indirect infringement of their reproduction right, as well as a state law claim for unfair competition, which this Court dismissed on May 18, 2012 on the grounds that it was preempted by the Copyright Act. *See* 12-cv-1543, Dkt. No. 86. Although the Fox Action was initially assigned to Judge Marrero, it was subsequently transferred to this Court and the cases were designated as related. *See* 12-cv-1543, Dkt. No. 10.

On March 13, 2012, this Court held a scheduling conference with the parties in both cases. At the conference, Plaintiffs represented that they would be filing a motion for preliminary injunction based on their claim for violation of the public performance right. The Court scheduled an evidentiary hearing on Plaintiffs' joint motion for May 30-31, 2012, and on March 26, 2012, the Court entered a dual-captioned Scheduling Order in both cases, setting forth the discovery and briefing schedule for the preliminary injunction hearing. Pursuant to that schedule, Plaintiffs served identical discovery requests on Aereo, retained the same expert witnesses, and coordinated their depositions of both fact and expert witnesses such that each witness was deposed only once. Plaintiffs also filed three sets of joint briefs: an Initial Pre-Hearing Memorandum (filed March 21, 2012); a Memorandum of Points and Authorities in Support of Plaintiffs' Joint Motion for a Preliminary Injunction (filed May 8, 2012); and a Reply Memorandum of Points and Authorities in Support of Plaintiffs' Joint Motion for a Preliminary Injunction (filed May 25, 2012).

The Court held a two-day evidentiary hearing on Plaintiffs' Joint Motion for a Preliminary Injunction on May 30-31, 2012. At the hearing, Plaintiffs presented testimony from the same fact and expert witnesses, and relied on the same documentary evidence. On July 11, 2012, the Court issued a single Opinion denying Plaintiffs' motion for preliminary injunction. Plaintiffs subsequently filed notices of appeal in both cases, and the Second Circuit issued an Order directing that the cases be heard in tandem.

On September 19, 2012, this Court held a scheduling conference with the parties in both cases to discuss the parties' scheduling proposals. On September 21, 2012, the Court ordered that fact discovery in both cases progress and close on February 22, 2013, and directed the parties to submit a joint status letter to the Court within two weeks of that date, setting forth their

positions regarding the scheduling of expert discovery and dispositive motion practice. *See* 12-cv-1540, Dkt. No. 115; 12-cv-1543, Dkt. No. 140. The parties are now in the midst of conducting discovery, and Plaintiffs have served identical sets of document requests on Aereo.

## ARGUMENT

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also* S.D.N.Y. Loc. R. Div. Bus. Among Dist. Judges 13(a) (case will be transferred for consolidation "when the interests of justice and efficiency will be served"). "A determination on the issue of consolidation is left to the sound discretion of the Court." *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002).

Here, there is no question that the ABC Action and the Fox Action involve common questions of law and fact, and that consolidation is necessary to conserve judicial resources and promote efficiency, both for the parties and for the Court. Both cases are brought by similarly-situated plaintiffs, who are making the claims that Aereo infringes their copyrighted television programs by allowing consumers to use a remote antenna and DVR to access and record Plaintiffs' free over-the-air broadcasts.[1] Both cases involve essentially the same factual issues

[1] Plaintiffs in the Fox Action have also brought a claim for indirect infringement, which Plaintiffs in the ABC Action have not brought. That should not prevent consolidation of these two matters, however, which are otherwise identical. The Fox Plaintiffs' indirect infringement claim is plainly foreclosed by the Supreme Court's decision in *Sony Corporation of America v. Universal Studios, Inc.*, 464 U.S. 417 (1984), in which the Court held that consumers have a fair use right to record and watch over-the-air television broadcasts. In addition, consolidation does not require complete identity of claims; as long as significant issues overlap and judicial economy would be served by consolidation, it is appropriate for cases to be addressed together. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) ("Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation."). Here, there is no question that the majority of

with respect to Aereo's technology and the functioning of the Aereo system. For instance, both sets of Plaintiffs have made identical arguments about the functioning of the Aereo antennas, and both sets of Plaintiffs have focused on how a copy is made and played back in the Aereo system. Indeed, in bringing their joint motion for a preliminary injunction, Plaintiffs presented and relied on testimony from the same experts in arguing about how the Aereo system actually works.

Both cases also involve a substantial overlap with respect to legal issues. Plaintiffs in both the ABC Action and the Fox Action claim that Aereo infringes their exclusive rights to public performance and reproduction, and the legal analysis with respect to these claims is identical in both cases. As this Court found in its July 11, 2012 Opinion denying Plaintiffs' joint motion for preliminary injunction, Plaintiffs' public performance claim is controlled by *Cartoon Network LP v. CSC Holdings, Inc.*, 536 F.3d 121 (2d Cir. 2008) ("*Cablevision*"), in which the Second Circuit held that a performance is not "to the public," and therefore does not violate the Copyright Act, if it is made from a unique copy that can be transmitted only to a single individual. Similarly, Plaintiffs' reproduction claim is controlled by the Second Circuit's holding in *Cablevision* that an entity that merely "design[s], hous[es], and maintain[s] a system that exists only to produce a copy" and that responds automatically to consumer commands cannot be directly liable for copyright infringement because it is the consumer who "makes" the allegedly infringing copy. *Id.* at 131-33. Under *Cablevision*, the public performance and reproduction claims in both cases fail because (1) each transmission in the Aereo system is made from a unique copy, which is transmitted solely to the consumer who made the copy, and (2) each copy in the Aereo system is made at the initiation of the consumer, and nothing is recorded unless the consumer presses "Watch" or "Record."

---

the claims advanced by the two sets of Plaintiffs are essentially identical, and that there are sufficiently common questions of fact and law to warrant consolidation.

Because Plaintiffs' claims involve the same or overlapping sets of facts about how the Aereo system works, and essentially the same legal framework applies to both cases except only for the addition of an indirect infringement claim by the Fox Plaintiffs, consolidation is appropriate and will promote the interests of judicial efficiency. It will also avoid unnecessary duplication of the parties' efforts and waste of resources, a particularly important issue for a start-up company such as Aereo. *See Walker v. Deutsche Bank, AG*, Civ. A. No. 04-1921-DAB, 04-3501-DAB, 04-3637-DAB, 2005 WL 2207041, at *2 (S.D.N.Y. Sept. 6, 2005) (consolidating three actions against same defendant where the factual allegations were identical, plaintiffs were all investors, and complaints alleged same causes of action), *Albert Fadem Trust*, 239 F. Supp. 2d at 347 (granting motion to consolidate where "all of the above-captioned actions present common factual and legal issues, involve overlapping defendants and will involve similar subject matter and similar issues related to class certification"); *Kaplan*, 240 F.R.D. at 92 ("Given the overlapping questions of law and fact presented in the cases before us, litigating a multitude of separate actions would only ensure the duplication of effort amongst parties and the needless expenditure of judicial resources.").

Indeed, to date, the parties and the Court have proceeded as if the cases were already consolidated into a single matter. Plaintiffs in the two cases filed a joint motion for preliminary injunction and submitted several joint briefs, as well as proposed findings of fact and conclusions of law, in support of that motion. Plaintiffs coordinated their discovery efforts in the expedited discovery period leading up to the preliminary injunction hearing, serving identical discovery requests, consolidating the depositions taken of both fact and expert witnesses, retaining the same expert witnesses, and serving a single dual-captioned expert report for each expert witness. The Court held a joint hearing on Plaintiffs' motion for preliminary injunction, at which

Plaintiffs relied on the same fact and expert witnesses and made the same arguments. Each scheduling and status conference that has been held in these cases, whether in person or by telephone, has included the parties in both cases.

Plaintiffs' appeal has also proceeded in a coordinated fashion. Plaintiffs filed motions for the same expedited briefing schedule in both cases, and the Second Circuit issued the same Scheduling Order. Plaintiffs also filed a joint motion seeking permission to file a single, dual-captioned appendix, and for any *amicus* to file a single, dual-captioned brief. The Second Circuit has directed that the cases be heard in tandem, and oral argument in both cases has been scheduled for the same day.

Plaintiffs have argued that consolidation is not necessary because discovery to date has proceeded in a coordinated manner, and Plaintiffs assert that while they will continue to make efforts to coordinate discovery, the cases should remain separate so that each set of Plaintiffs can make its own determination about the direction that each case should take. That is precisely the type of inefficiency that Rule 42 was intended to avoid, and demonstrates why consolidation, not coordination, is necessary here. According to Plaintiffs' position, related cases could never be consolidated, even if they involve an identical set of claims and facts, unless the parties agreed to pursue the same litigation strategy. That is clearly not the law. *See In re Gen. Elec. Sec. Litig.*, Civ. A. No. 09-1951-DC, 2009 WL 2259502, at *2-3 (S.D.N.Y. July 29, 2009) (consolidating cases where there was "substantial overlap" in complaints, even though one of the complaints alleged additional violations, named additional defendants, and identified a lengthier class period).

Consolidation will not prevent each set of Plaintiffs from making its own arguments—just as an individual Plaintiff in either the Fox Action or the ABC Action is not currently

precluded from asserting an argument or position that is different from that of its co-Plaintiffs. Consolidation will, however, promote the interests of justice and efficiency, as it will prevent the unnecessary duplication of efforts by the parties and by the Court. *See In re Gen. Elec. Sec. Litig.*, 2009 WL 2259502, at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties."). Even if Plaintiffs intend to make different arguments in support of their claims (which substantially overlap), consolidation will allow for Aereo to respond to these arguments in the same case, rather than filing near-identical responses in two different cases.

Because the ABC Action and the Fox Action involve common questions of law and fact, and given that the parties have demonstrated that consolidating the proceedings in these two cases will not pose any practical problems, the cases should be formally consolidated at this point. Formal consolidation of the cases will allow the parties and the Court to continue proceeding in a coordinated manner, while providing additional efficiencies.

## CONCLUSION

For the foregoing reasons, Aereo respectfully requests that the Court issue an Order consolidating the ABC Action and the Fox Action into a single action.

Dated: November 13, 2012

Respectfully submitted,

AEREO, INC.

By its attorneys,

/s/ R. David Hosp
R. David Hosp (RH 3344)
John C. Englander (admitted *pro hac vice*)
Mark S. Puzella (admitted *pro hac vice*)
Yvonne W. Chan (admitted *pro hac vice*)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
617.570.1000 (tel.)
617.523.1231 (fax)
jenglander@goodwinprocter.com
rhosp@goodwinprocter.com
mpuzella@goodwinprocter.com
ychan@goodwinprocter.com

Seth Greenstein (admitted *pro hac vice*)
CONSTANTINE | CANNON, LLP
One Franklin Square
1301 K Street, NW, Suite 1050 East
Washington, DC 20005
202.204.3514 (tel.)
202.204.3500 (fax.)
sgreenstein@constantinecannon.com

Michael S. Elkin
Thomas Patrick Lane
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
212.294.6700 (tel)
212.294.4700 (fax)
melkin@winston.com
tlane@winston.com

Jennifer A. Golinveaux (admitted *pro hac vice*)
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
415.591.1000 (tel)
415.591.1400 (fax)
jgolinveaux@winston.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies, via first class mail, postage pre-paid, will be sent to those indicated as non registered participants on November 13, 2012.

/s/ R. David Hosp