UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                                              )
WNET, THIRTEEN, FOX TELEVISION                )
STATIONS, INC., TWENTIETH CENTURY           )
FOX FILM CORPORATION, WPIX, INC.,              )
UNIVISION TELEVISION GROUP, INC., THE       )   Case No. 12-cv-1543 (AJN)
UNIVISION NETWORK LIMITED                        )
PARTNERSHIP, and PUBLIC                              )   (Related Case No. 12-cv-1540)
BROADCASTING SERVICE,                               )
                                                              )   **ECF Case**
*Plaintiffs/Counterclaim Defendants*,                   )
                                                              )
                             v.                                )
                                                              )
AEREO, INC. f/k/a BAMBOOM LABS, INC.,      )
                                                              )
*Defendant/Counterclaim Plaintiff.*                      )
                                                              )
_____ )

**MEMORANDUM OF LAW
IN OPPOSITION TO AEREO'S MOTION TO CONSOLIDATE**

Plaintiffs WNET, et al., respectfully submit this Memorandum in Opposition to

Defendant Aereo's Motion to Consolidate this case with the related case, *American Broadcasting*

*Companies, Inc., et al. v. Aereo, Inc.*, No. 12-cv-1540 (AJN).  As explained further below,

consolidation at this time is premature, unnecessary, and is likely to prejudice Plaintiffs'

presentation of the merits of their claims.

As Aereo accurately lays out in its Memorandum in support of its Motion, the Plaintiffs

have gone to great lengths in the two related actions to coordinate pretrial activities, streamline

the proceedings, and eliminate or reduce any extra burden on Aereo.  That was the case, as Aereo

acknowledges, during the expedited preliminary injunction proceedings.  It also has been the

case in the post-preliminary injunction phase, which Aereo also acknowledges.  Additionally, in

response to Aereo's suggestion for consolidation, Plaintiffs have made proposals to further

coordinate discovery in the two actions so as to avoid any undue burden on Aereo or duplication of effort. Aereo did not substantively respond to Plaintiffs' proposals. Thus, judicial economy cannot justify a premature consolidation of these two actions "for all purposes" as Aereo requests.

Furthermore, the consolidation standard requires more than that consolidation promote "judicial economy" in isolation. It requires in addition that consolidation serve "the interests of justice." Not surprisingly Aereo barely acknowledges this aspect of the standard – and this is where Aereo's motion to consolidate fails.

No one who attended the September 19, 2012 scheduling conference could rationally contend that these two actions should be consolidated for all purposes, much less that such a determination should be made now, when the parties are already efficiently coordinating discovery. At the September 19 conference, as the Court will recall, Aereo and the ABC Plaintiffs argued in unison – against the WNET Plaintiffs – that all proceedings in the district court should be stayed pending the outcome of the appeal. Clearly, the Plaintiffs in the two related actions have materially divergent views as to the best manner in which to prosecute this action. This case has been ongoing for almost ten months. Aereo's sudden rush to consolidate the two actions[1] appears designed to exploit those differences, forcing the two sets of Plaintiffs to pursue a compromise strategy. That does not serve the interests of justice.

The diverging views are not merely procedural. While Aereo describes "joint" briefs in the preliminary injunction phase and on appeal, what Aereo fails to mention is that, in the Second Circuit, the WNET Plaintiffs/Appellants and the ABC Plaintiffs/Appellants did not file

---

[1] Aereo first raised its proposed motion to consolidate in the late afternoon on a Friday before a holiday weekend and insisted that counsel confer with their clients and respond with a position immediately, as Aereo intended to file its motion on the Tuesday following the holiday weekend whether or not it had heard back from Plaintiffs. *See* Exhibit A hereto.

joint briefs; rather, each set of Plaintiffs/Appellants filed their own briefs, and made different merits arguments as to why Aereo is violating the public performance right. Aereo filed a consolidated opposition, because it is in Aereo's interests to muddle the differences between the two sets of arguments. Accordingly, consolidation "for all purposes" as Aereo requests will prejudice Plaintiffs' ability to pursue the merits of their respective claims as they see fit.

As Aereo observes, this Court has broad discretion in deciding whether or not to consolidate related actions. Here, it is notable that Aereo does not and cannot assert any harm or prejudice from the parties' continued voluntary coordination of the cases for purposes of discovery, without formal consolidation for all purposes. At some point following discovery, with the parties' merits positions informed by discovery and finalized, the Court can hear the parties on consolidation for purposes of merits hearings or trial. Respectfully, consolidation for all purposes at this time – where the parties are already coordinating discovery efficiently and where consolidation will undeniably prejudice Plaintiffs – is premature and inappropriate.

## ARGUMENT

The WNET and ABC actions should not be consolidated at this time, as consolidation would not save the Court or the parties time or resources sufficient to justify the prejudice to Plaintiffs from consolidation. Consolidation under Rule 42 is an important tool of judicial administration, allowing courts to exercise broad discretion in order to avoid unnecessary cost or delay, but considerations of convenience and economy must yield to a paramount concern for fairness. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990); *Devlin v. Transportation Communications Intern. Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy."). Common questions of law or fact are necessary, but not

sufficient, to compel consolidation under Rule 42. *Farahmand v. Rumsfeld*, No. CIV.A. 02-1236, 2002 WL 31630709, at *1 (E.D. Pa. Nov. 20, 2002) ("While the existence of common issues is a prerequisite for consolidation, their mere presence does not compel consolidation."). Where the judicial efficiencies to be gained by consolidation at the time of the motion are not greater than the equitable considerations weighing against consolidation, courts should decline, or at least defer, exercising its discretion under this Rule. *See, e.g.*, *Boncich v. M. P. Howlett, Inc.*, 421 F. Supp. 1300, 1305 (E.D.N.Y. 1976) (finding consolidation premature where "*at the present time*, there is no reason to believe that consolidation would expedite any pre-trial matters") (emphasis added).

As movant, Aereo bears the burden to prove that consolidation is warranted. *See Ocean Ships, Inc. v. Stiles*, No. 00 Civ. 5469(RCC), 2003 WL 22741457, at *1 (S.D.N.Y. Nov. 19, 2003) ("The movant must prove that the two actions are based on common questions of law or fact and that considerations of efficiency outweigh any prejudice or confusion that might result from consolidation."); *see, also, e.g.*, *Haas v. Brookhaven Mem. Hosp.*, No. 07-CV-4788 (NGG), 2008 WL 822121, at *2 (E.D.N.Y. Mar. 26, 2008) (denying motion to consolidate where movant failed to meet burden demonstrating that consolidation was warranted, having "made no showing on the record that consolidation would assist judicial economy or that unnecessary delays or confusion in the resolution of the[] proceedings would be avoided by consolidation"). Aereo has failed to meet its burden.  As admitted by Aereo, Plaintiffs continue to coordinate on fact discovery, which, on the current schedule, lasts through February 2013.  As such, consolidation for the purposes of discovery will not provide any additional judicial efficiencies and is unnecessary.  This alone is reason to deny Aereo's Motion.

Further, Aereo proceeds as if "economy" alone is the touchstone of consolidation,  It is not.  As the movant, Aereo must show that considerations of efficiency outweigh any prejudice or confusion that might result from consolidation.  *See, e.g., Ocean Ships*, No. 00 Civ. 5469(RCC), 2003 WL 22741457, at *1.  Aereo does not even attempt to meet this burden. Indeed, particularly given Aereo's refusal even to discuss with Plaintiffs fair means to address its so-called efficiency concerns, *see* Exhibit A, one has to wonder whether the real reason for Aereo's motion is to cause Plaintiffs the very prejudice described herein.

The cases Aereo cites do not support consolidation here; they are all securities class action cases, which courts have recognized – as a class of cases – are particularly suited to consolidation.  As the court explained in *Kaplan v. Gelfond*, it is a "well recognized principle" that consolidation of stockholders' suits is beneficial to the court and to the parties in a given action.  240 F.R.D. 88, 92 (S.D.N.Y. 2007) (internal quotes omitted), Aereo Mot. at 4 n.1, 6. Thus, for example, in *Walker v. Deutsche Bank, AG*, No. 04 Civ. 1921(DAB), 2005 WL 2207041 (S.D.N.Y. Sept. 6, 2005), Aereo Mot. at 6, the motion for consolidation of three securities class action lawsuits was unopposed – a fact noted by the court in determining that consolidation did not appear to threaten prejudice to any of the parties.  Likewise, *In re General Electric Securities Litigation*, No. 09 Civ. 1951(DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009), Aereo Mot. at 7, involved seven related securities class actions, six of which were unopposed.  *See also Albert Fadem Trust v. Citigroup, Inc.*, 239 F. Supp. 2d 344 (S.D.N.Y. 2002), Aereo Mot. at 4, 6 (consolidating fifteen securities fraud class actions).  Aereo's securities class action authorities are simply inapposite on the facts of the WNET and ABC actions.

In addition to being prejudicial to Plaintiffs, consolidation of the WNET and ABC actions "for all purposes" would be premature at this point in that the parties are still developing the

record and their legal theories.  Consolidation is "plainly premature" where it comes "before pre-trial proceedings have been completed and the prospective evidence in both cases is clear."  *U.S. Fidelity & Guaranty Co. v. Petroleobrasileiro S.A.—Petrobra*s, No. 98 CIV 3099 JGK, 2001 WL 300735, at *24 (S.D.N.Y. Mar. 27, 2001) (J. Koeltl) (denying defendants' motion to consolidate).  Moreover, while a primary objective of consolidation is to avoid inconsistent adjudication, *New Kayak Pool Corp. v. Gerspach*, No. 93-CV-0784E(M), 1995 WL 13257, at *2 (W.D.N.Y. Jan. 11, 1995), the possibility of inconsistent decisions is already minimized.  As Aereo aptly notes, these matters are already together before this Court as related cases.  *See id.* (denying motion to consolidate as premature where possibility that the separate actions would produce conflicting results was not yet manifest).  "To the extent such problems may become manifest at a later date, they can then be rectified."  *Id.*  At a more appropriate time, if circumstances warrant or the prejudice to Plaintiffs is abated, Aereo may renew its motion, or this Court may consolidate the cases *sua sponte*.  *Devlin*, 175 F.3d at 130.

## CONCLUSION

For the reasons set forth above, Aereo's Motion to Consolidate should be denied without prejudice.

Dated: November 27, 2012                    Respectfully Submitted,


By:      _____/s/_____
         Steven B. Fabrizio (SF-8639)
         JENNER & BLOCK LLP
         1099 New York Avenue, NW
         Suite 900
         Washington, DC  20001
         Telephone (202) 639-6040
         Facsimile (202) 6661-4823

         Richard L. Stone (*pro hac vice*)
         Kenneth D. Klein (*pro hac vice*)

6

Julie A. Shepard (*pro hac vice*)
JENNER & BLOCK LLP
633 West 5th Street
Suite 3600
Los Angeles, CA 90071-2054
Telephone (213) 239-5100
Facsimile (213) 239-5199

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies, via first class mail, postage pre-paid, will be sent to those indicated as non-registered participants on November 27, 2012.

Jessica Salazar Garcia

# EXHIBIT A

**Shepard, Julie A.**

| | |
|---|---|
| **From:** | Fabrizio, Steven B |
| **Sent:** | Monday, November 12, 2012 6:04 PM |
| **To:** | Hosp, R David; Puzella, Mark S; Chan, Yvonne W; Michael, Erin M; 'Michael Elkin' |
| **Cc:** | Klein, Kenneth D ; Shepard, Julie A.; Glickstein, Ethan A.; Friedman, Joshua N.; Jenkins, Marina K.; 'Bruce Keller'; 'Michael Potenza'; 'Jennifer Insley-Pruitt' |
| **Subject:** | Re: Aereo's Request for Consent to Consolidation |

Dave – To avoid misunderstanding, my point on timing was not that we ultimately were not able to scramble and confer with our clients – which we did over the holiday weekend – but that we have had no opportunity to confer with you as whether there are alternatives, short of full consolidation, that can address your concerns, without prejudicing plaintiffs. Since Aereo raised this issue for the first time Friday afternoon, you cannot say that the issue has been under consideration for months. In all fairness, Aereo's motion is rushed. Plaintiffs would have preferred more discussion. That said, if what you are saying is that Aereo will not consider any case management plan except full consolidation for all purposes, then it is unlikely we are going to be able to find common ground and your motion is probably ripe.

Since this email chain effectively reflects the entirety of our meet and confer on this issue, it would be a good idea include it. Thank you.

SBF

**From:** <Hosp>, R David <RHosp@goodwinprocter.com>
**Date:** Monday, November 12, 2012 7:46 PM
**To:** Steven Fabrizio <sfabrizio@jenner.com>, Mark Puzella <mpuzella@goodwinprocter.com>, Yvonne Chan <ychan@goodwinprocter.com>, "Michael, Erin M" <EMichael@goodwinprocter.com>, Michael Elkin <melkin@winston.com>
**Cc:** Kenneth Klein <KKlein@jenner.com>, Julie Shepherd <JShepard@jenner.com>, Ethan Glickstein <EGlickstein@jenner.com>, Joshua Friedman <JoshuaFriedman@jenner.com>, Marina Jenkins <MJenkins@jenner.com>, Bruce Keller <bpkeller@debevoise.com>, Michael Potenza <mpotenza@debevoise.com>, Jennifer Insley-Pruitt <jinsleypruitt@debevoise.com>
**Subject:** RE: Aereo's Request for Consent to Consolidation

Steve:

Thanks for the response. It sounds as though Plaintiffs have fully considered the issues and disagree that consolidation is appropriate. That's entirely their right. We do not believe that consolidation will prejudice any Plaintiff's right or ability to pursue the claims they want, and we think consolidation is appropriate. We do plan on moving tomorrow, and given that all parties have had eight months to consider how to proceed, we don't feel this is "rushing" to the court. If you do not want us to use the word "confer," I am fine with that, and we can simply state that we indicated in discussions on Friday our intent to file a motion on Tuesday, and exchanged email correspondence about the motion today. To be absolutely safe, we will attach this email correspondence if you indicate that you would prefer us to do that.

Let me know how you would prefer us to proceed. Even if all parties ultimately agree that consolidation is appropriate, a motion will still be necessary, so we are not unnecessarily burdening the Court in any event.

Best,

Dave


Sent with Good (www.good.com)


-----Original Message-----
From: Fabrizio, Steven B [mailto:SFabrizio@jenner.com]
Sent: Monday, November 12, 2012 07:09 PM Eastern Standard Time
To:    Hosp, R David; Puzella, Mark S; Chan, Yvonne W; Michael, Erin M; Michael Elkin
Cc:    Klein, Kenneth D.; Shepard, Julie A.; Glickstein, Ethan A.; Friedman, Joshua N.; Jenkins, Marina K.; Bruce Keller; Michael Potenza; Jennifer Insley-Pruitt
Subject:       Aereo's Request for Consent to Consolidation

Dave – On Friday, in the very late afternoon before a holiday weekend, you called to advise me that Aereo was going to be filing a motion to consolidate the ABC and WNET cases.  You said that Aereo would be filing its motion on Tuesday, effectively whether plaintiffs had a chance to confer with their clients or not.  Aereo's position, apparently, is that if you have not heard from us you will advise the Court that you conferred with us and we do not consent (this is what you just told counsel for the ABC plaintiffs as well).

We need to address this on two levels.

First, as a matter of process, it is not appropriate for you to represent to the Court that you have "conferred" with plaintiffs, when, as a practical matter, you have not provided us with any time to "confer" (with our clients or you).  If you are genuinely calling us in an effort to see if we can reach some agreement that obviates the need for a motion, then we should have some minimal time to confer with our clients.  You and we also should have some time to actually talk about alternatives.

Second, on the merits of your request, we cannot agree to consolidation for all purposes, and anyone who attended the "stay" hearing could not fairly ask us to agree to consolidation for all purposes.

However, that does not mean we cannot address your concerns.  The Local Rules provide that related cases can be "coordinated … when the interests of justice and efficiency will be served."  Thus, it is not only efficiency that guides this determination; the interests of justice also must be weighed.

The interests of justice dictate that we (the WNET plaintiffs) be able to pursue our case and legal theories as we see fit.  While we obviously share broad agreement with the ABC plaintiffs that Aereo is violating the copyright law, as you saw in the stay hearing and as you can see in the Second Circuit appeal, each plaintiff group has (and is entitled to have) its own views as to the best arguments to make and the best ordering of the case.

The plaintiffs in the ABC and WNET cases are already coordinating written discovery so that, effectively, Aereo has to address written discovery only once.  Thus, Aereo's principal interest, at least at this juncture, is to avoid having its witnesses deposed separately in each case.

2

The deposition issue can be addressed by having the cases coordinated in much the same way they were for the PI phase.

As Bruce indicated, the parties can agree to coordinate depositions and use them in both cases.  We can, I am sure, reach a fair accommodation that will prevent Aereo witnesses from being deposed more than once to the greatest extent practicable.

We would ask Aereo to consider such an approach before rushing to Court with a motion to consolidate.

SBF

_____

Steven B. Fabrizio

Jenner & Block LLP

1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412
Tel (202) 639-6040
Fax (202) 661-4823
SFabrizio@jenner.com
www.jenner.com<http://www.jenner.com/>

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

_____

************************************************************
IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, we inform
you that any U.S. tax advice contained in this communication
(including any attachments) is not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.
************************************************************

************************************************************
This message is intended only for the designated recipient(s).  It may

3

contain confidential or proprietary information and may be subject to
the attorney-client privilege or other confidentiality protections.
If you are not a designated recipient, you may not review, copy or
distribute this message.  If you receive this in error, please notify
the sender by reply e-mail and delete this message.  Thank you.
*****************************************************************