USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 23 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

AMERICAN BROADCASTING COMPANIES, INC. ET AL,

          Plaintiffs,

   -v-

AEREO, INC.,

          Defendant,

-------------------------------------------------------------X

WNET ET AL,

          Plaintiffs,

   -v-

AEREO, INC.,

          Defendant,

-------------------------------------------------------------X

12 Civ. 1540 (AJN)

ORDER

12 Civ. 1543

ALISON J. NATHAN, District Judge:

    The Court is in receipt of the attached letters in the above-captioned case. Pursuant to Magistrate Judge Pitman's Order on April 1, 2013, "[a]ll fact discovery shall be completed no later than June 14, 2013." (Dkt. No. 172) Any party wishing to extend, alter or otherwise amend this deadline may make such a request pursuant to Judge Pitman's Individual Rules of Practice. Absent a new order of the Court, all parties are required to abide by the terms of Magistrate Judge Pitman's previous order and any party's failure to do so may result in sanctions. *See* Fed. R. Civ. P. 37(b).

    Finally, the parties are reminded that this matter has been referred for general pretrial to Magistrate Judge Pitman, and all future correspondence of the kind contained in the attached letters must be directed to his chambers.

    SO ORDERED.

Dated: May 23, 2013
      New York, New York

                             _____
                             ALISON J. NATHAN
                             United States District Judge

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 200 PARK AVENUE | MOSCOW |
| CHARLOTTE | NEW YORK, NEW YORK 10166-4193 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (212) 294-6700 | PARIS |
| HONG KONG | | SAN FRANCISCO |
| LONDON | FACSIMILE +1 (212) 294-4700 | SHANGHAI |
| LOS ANGELES | www.winston.com | WASHINGTON, D.C. |

MICHAEL S. ELKIN
(212) 294-6729
melkin@winston.com

May 16, 2013

**VIA EMAIL**
The Honorable Alison J. Nathan
United States District Court Judge
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

RE:   <u>ABC, Inc. et al., v. Aereo, Inc., Case No. 12-civ-1540 (AJN)</u>

Dear Judge Nathan:

On behalf of our client Aereo, Inc. ("Aereo"), we write to request a conference with the Court at the Court's earliest convenience to address an important and time-sensitive issue which has been caused by ABC Plaintiffs' conduct in the captioned action. Essentially, the ABC Plaintiffs have taken the position that the filing of a summary judgment motion stays all discovery against them.[1] As Your Honor is aware, Aereo filed a motion for summary judgment with the Court on May 14, 2013. Following the filing of Aereo's motion, ABC Plaintiffs, without justification and without seeking relief from the Court, have taken the position that a unilateral stay of all further discovery from them is appropriate thereby preventing Aereo from completing its discovery of ABC Plaintiffs.[2] We do not believe this is consistent with the Court's summary judgment process, and respectfully request the Court's assistance, through a conference, to advise the parties as to how Aereo's summary judgment motion and the remainder of this case will proceed.

Prior to the filing of Aereo's summary judgment motion, the parties had been exchanging correspondence in what we understood to be a good faith effort to resolve certain discovery

---

[1] As the Court may recall, the ABC Plaintiffs previously moved for a stay of these proceedings and that request was denied by the Court. DE#133.

[2] Fact discovery is set to close on June 14, 2013. ABC Plaintiffs have neither completed their document productions nor cooperated with setting dates for their witnesses to be deposed.

disputes without seeking court intervention. In that regard (and mindful of the fast approaching deadline for the completion of fact discovery), this week I requested an in-person meeting with Bruce P. Keller, Esq., counsel for ABC Plaintiffs, so that we could try to resolve certain outstanding discovery issues with respect to Rule 30(b)(6) notices issued by Aereo to each of the Plaintiffs. Mr. Keller and I scheduled this meeting for today. On the afternoon prior to the scheduled meeting (May 15), however, Mr. Keller cancelled that meeting and stated as follows:

> Given yesterday's [summary judgment] motion, I see no need to have this meeting now. We can reschedule if it becomes necessary.

I then asked Mr. Keller to explain why he felt Aereo's summary judgment motion negated the need for our meeting, to which he responded:

> The predicate for the [summary judgment] motion is that discovery of the plaintiffs is not necessary.

Surprised by Mr. Keller's response, I followed up with a letter to Mr. Keller last night to confirm our understanding of ABC Plaintiffs' position. I stated:

> We understand [your position] to mean that the ABC Plaintiffs intend not to participate in or cooperate with further discovery against those parties. If we misunderstand or have misstated ABC Plaintiffs' position with respect to this in any way, please let me know immediately, by no later than noon tomorrow.

I received a response from Mr. Keller today once again reiterating ABC Plaintiffs' position that they view Aereo's motion for summary judgment as a unilateral entitlement to a stay of discovery by Aereo against them. ABC Plaintiffs' position is that Aereo's motion means that "discovery by the movant is complete." That is *not* a correct statement of law or fact. The discovery deadline in this case remains June 14, 2013 and summary judgment motions do not operate to automatically stay discovery against the party against whom summary judgment is sought. Accordingly, Aereo respectfully requests the Court's assistance to resolve this issue.

Respectfully submitted,

/s/ Michael S. Elkin

Michael S. Elkin

cc:   All counsel (*via email*)

# JENNER & BLOCK

Jenner & Block LLP
633 West 5th St.
Suite 3600
Los Angeles, CA 90071-2054
Tel 231 239-5100
www.jenner.com

Chicago
Los Angeles
New York
Washington, DC

May 16, 2013

Julie A. Shepard
Tel 213 239-2207
Fax 213 239-2217
jshepard@jenner.com

VIA EMAIL

The Honorable Alison J. Nathan
United States District Judge
United States District Court for
  the Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

Re: WNET, et al., v. Aereo, Inc., No. 12-Civ.-1540-AJN (S.D.N.Y) - Consolidated

Dear Judge Nathan:

The WNET Plaintiffs received Aereo's May 16, 2013 letter to the Court requesting a conference. The WNET Plaintiffs write to advise the Court that they will submit a response letter on or before May 20, 2013.

Respectfully submitted,

/s/ Julie A. Shepard

Julie A. Shepard

cc: All Counsel of Record

2198957.1

# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
Fax 212 909 6836
www.debevoise.com

May 17, 2013

VIA EMAIL

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street, Rm. 615
New York, New York 10007

      **Am. Broad. Cos., Inc., et al. v. Aereo, Inc., 12 Civ. 1540 (AJN) (HBP) (S.D.N.Y.)**

Dear Judge Nathan:

      This responds to Aereo, Inc.'s May 16, 2013 letter to the Court.

      Aereo contends it is entitled – right now – to move for summary judgment in its favor on all issues in the above-captioned matter. At the same time, it claims to still need discovery on all of the claims and defenses in this case. It further asserts that the ABC Plaintiffs' contrary view – that Aereo cannot simultaneously claim a case is ripe for summary judgment and continue to obtain discovery – "is <u>not</u> a correct statement of law." 5/16/2013 Ltr. at 2.

      It is Aereo that is incorrect. Having filed a summary judgment motion, it now is precluded from demanding still more discovery because it has affirmatively represented "it has enough information to show that there are no genuine disputes as to any material facts and that [it] is entitled to judgment as a matter of law." 11 MOORE'S FEDERAL PRACTICE § 56.103[3] at 56-281 (Matthew Bender 3d ed). This is why movants who seek discovery while their summary judgment motion remains pending are denied further discovery. *See, e.g., Klos v. Haskell*, 835 F. Supp. 710, 718 (W.D.N.Y. 1993) (discovery denied because motion "implicitly acknowledged that there are no material issues of fact to be litigated"), *aff'd on other grounds*, 48 F.3d 81 (2d Cir. 1995); *Zalewski v. T. P. Builders*, 875 F. Supp. 2d 135, 142 (N.D.N.Y. 2012) (professed "need for discovery is both disingenuous and unpersuasive" since movant "implicitly represented that there were no genuine issues of material fact and they, as the moving party, were entitled to judgment as a matter of law"); *Hendrix v. Herman*, 1992 WL 551144 (W.D.N.Y. Mar. 30, 1992) ("[b]y moving . . . the plaintiff has conceded that he has completed his discovery"); *Filiatrault v. Comverse Technology, Inc.*, 275 F.3d 131, 138 (1st Cir. 2001) (summary judgment motion "constituted an acknowledgment by the plaintiff that he had sufficient knowledge of the situation, then and there, to justify asking the court to enter summary judgment in his favor").

Hon. Alison J. Nathan 2 May 17, 2013

   By filing its summary judgment motion on all issues in the case, yet contending it still needs discovery on those issues, Aereo improperly seeks to have it both ways, which, as the *Zalewski* court noted, is "disingenuous." 875 F. Supp. 2d at 142. That is particularly true given that Aereo's motion was made while it simultaneously appeals from Judge Pitman's rulings against it, limiting some of its most overreaching discovery requests. In light of Aereo's "acknowledgment" that it already has "sufficient knowledge" to be granted summary judgment, *Filiatrault*, 275 F.3d at 138, Judge Pitman's rulings can be affirmed on that basis alone. If Aereo instead believes further discovery is required, it voluntarily can withdraw its summary judgment motion and re-file it after all pending discovery disputes are resolved and discovery is closed.

   The ABC Plaintiffs are prepared to oppose Aereo's motion for summary judgment by, at a minimum, filing a motion pursuant to Rule 56(d) on any schedule agreed to by the parties and set by the Court. Rule 56(d) is particularly appropriate because Aereo timed its motion to require any opposition (which would be due the Tuesday after Memorial Day had Aereo properly served its motion) before the depositions of key Aereo witnesses are taken over the next few weeks.

   The ABC Plaintiffs are of course available should the Court wish to hold a conference, but Aereo should not be permitted to evade the consequences of its decision to seek summary judgment. The law is clear that, having done so, Aereo no longer is entitled, at the same time, to seek further discovery.

                Very truly yours,

                Bruce P. Keller

cc: All Counsel of Record
   Hon. Henry B. Pitman

# JENNER&BLOCK

Jenner & Block LLP
633 West 5th St.
Suite 3600
Los Angeles, CA 90071-2054
Tel 231 239-5100
www.jenner.com

Chicago
Los Angeles
New York
Washington, DC

May 17, 2013

Julie A. Shepard
Tel 213 239-2207
Fax 213 239-2217
jshepard@jenner.com

VIA EMAIL

The Honorable Alison J. Nathan
United States District Judge
United States District Court for
  the Southern District of New York
500 Pearl Street, Room 615
New York, NY  10007

Re:   WNET, et al., v. Aereo, Inc., No. 12-Civ.-1540-AJN (S.D.N.Y) - Consolidated

Dear Judge Nathan:

In response to Aereo's letter of May 16, 2013, the WNET Plaintiffs join in the ABC Plaintiffs' letter submitted to the Court this morning as we agree with the ABC Plaintiffs that Aereo's filing of its motion for summary judgment is fundamentally inconsistent with its ongoing demands for discovery. *See, e.g., Zalewski v. T. P. Builders*, 875 F. Supp. 2d 135, 142 (N.D.N.Y. 2012); *Hendrix v. Herman*, 1992 WL 551144, *5 (W.D.N.Y. Mar. 30, 1992).

The WNET Plaintiffs are available should the Court wish to hold a conference.

Respectfully submitted,

Julie A. Shepard

cc: All Counsel of Record

2198957.1

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 200 PARK AVENUE | MOSCOW |
| CHARLOTTE | NEW YORK, NEW YORK 10166-4193 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (212) 294-6700 | PARIS |
| HONG KONG | FACSIMILE +1 (212) 294-4700 | SAN FRANCISCO |
| LONDON | | SHANGHAI |
| LOS ANGELES | www.winston.com | WASHINGTON, D.C. |

**MICHAEL S. ELKIN**
(212) 294-6729
melkin@winston.com

May 17, 2013

<u>**VIA EMAIL**</u>
The Honorable Alison J. Nathan
United States District Court Judge
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

> RE: **WNET, et al. v. Aereo, Inc., Case No. 12-civ-1543 (AJN)**
> **ABC, Inc. et al., v. Aereo, Inc., Case No. 12-civ-1540 (AJN)**

Dear Judge Nathan:

    Defendant Aereo, Inc. ("Aereo"), received the May 17, 2013 letters to the Court from ABC Plaintiffs and WNET Plaintiffs in response to Aereo's May 16, 2013 letter requesting a conference with the Court. Aereo writes to advise the Court that it will submit a letter in reply to the submissions of WNET Plaintiffs and ABC Plaintiffs on or before May 21, 2013.

                                          Respectfully submitted,

                                          /s/ Michael S. Elkin

                                          Michael S. Elkin

cc:   All counsel (*via email*)

# JENNER&BLOCK

Jenner & Block LLP
633 West 5th St.
Suite 3600
Los Angeles, CA 90071-2054
Tel 231 239-5100
www.jenner.com

Chicago
Los Angeles
New York
Washington, DC

May 20, 2013

Julie A. Shepard
Tel 213 239-2207
Fax 213 239-2217
jshepard@jenner.com

VIA EMAIL

The Honorable Alison J. Nathan
United States District Judge
United States District Court for
  the Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

Re:   WNET, et al., v. Aereo, Inc., No. 12-Civ.-1540-AJN (S.D.N.Y) - Consolidated

Dear Judge Nathan:

In light of the letters exchanged regarding Aereo's motion for summary judgment ("Aereo's motion") and in the event the Court will be taking up scheduling issues, on behalf of Fox only, we wanted to alert you that Fox is contemplating a cross-motion for partial summary on Aereo's direct liability for violating Fox's reproduction rights with respect to Aereo's Watch Now copies.

With respect to the remainder of Aereo's motion, all of the WNET Plaintiffs intend to substantively oppose Aereo's motion on the basis that there are material issues of facts in dispute on the current evidentiary record and further that deferral under Rule 56(d) is called for because of critical discovery that has been denied by Aereo.

We will confer with counsel on a briefing schedule for Fox's anticipated narrow cross-motion and the opposition to Aereo's motion.

Respectfully submitted,

Julie A. Shepard

cc: All Counsel of Record

2199522 1

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 200 PARK AVENUE | MOSCOW |
| CHARLOTTE | NEW YORK, NEW YORK 10166-4193 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (212) 294-6700 | PARIS |
| HONG KONG | FACSIMILE +1 (212) 294-4700 | SAN FRANCISCO |
| LONDON | | SHANGHAI |
| LOS ANGELES | www.winston.com | WASHINGTON, D.C. |

MICHAEL S. ELKIN
(212) 294-6729
melkin@winston.com

May 21, 2013

**VIA EMAIL**
The Honorable Alison J. Nathan
United States District Court Judge
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

          RE: **WNET, et al. v. Aereo, Inc., Case No. 12-civ-1543 (AJN)**
                **ABC, Inc. et al., v. Aereo, Inc., Case No. 12-civ-1540 (AJN)**

Dear Judge Nathan:

      In a letter dated May 16, 2013, Aereo asked for the Court's assistance after ABC Plaintiffs asserted that they were no longer subject to discovery in this case in view of Aereo's motion for summary judgment.[1] Plaintiffs responded to that letter to the Court in letters dated May 17, 2013, confirming their view that discovery from them was somehow subject to an automatic, unilateral stay.[2] This position is unfounded as a matter of procedure, law, and logic. The Rules of Civil Procedure do not provide for an automatic stay of discovery when a dispositive motion is filed, rather a stay must be sought from the Court based on good cause shown. See *Spencer Trask Software & Info Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("[W]hile discovery may in a proper case be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic.") (internal quotation omitted).

---

[1] The ABC Plaintiffs have cancelled the deposition of Alan Wurtzel, the President of NBCUniversal's Research and Media Development, which was scheduled for May 23, 2013 indicating that they are no longer obligated to produce witnesses for depositions.

[2] There is an unmistakable and constant pattern in this case of Plaintiffs simply ignoring the Rules of Civil Procedure. For example, here, rather than properly moving for a stay, the ABC Plaintiffs simply declared one. It was only after Aereo brought this matter to the Court's attention that Plaintiffs addressed the Court on this issue. These maneuvers, including, among many other things, resisting discovery at every turn, failing to properly articulate their claims, and failure to define the relief they are seeking (including the most recent letter by the Fox parties on their mysterious, yet to be filed motion for cross-summary judgment), have resulted in unnecessary motion practice and extraordinary cost, burden, and prejudice to Aereo.

WINSTON & STRAWN LLP

May 21, 2013
Page 2

There is no doubt, as set forth below, that it may be appropriate and efficient in certain cases to stay discovery where a pending dispositive motion *is likely to be allowed.* In such cases, there is a good chance that discovery, including damages discovery, will never be necessary. And while Aereo appreciates (and shares) Plaintiffs' confidence that Aereo will succeed on its pending motion,[3] from a practical point of view, in this case it makes sense to complete discovery. There is a pending discovery deadline only weeks away. Further, it has been very challenging to obtain and schedule discovery events and the parties are engaged in multiple and intricate disputes about discovery matters, some of which are pending before this Court. For these reasons, the most efficient way to proceed is to complete discovery. Further, Plaintiffs have tried to arrange discovery so that it is a unilateral process conducted solely against Aereo. This summary judgment/automatic stay position is simply another tactic to try to make discovery a one-way street.

### Plaintiffs Are Not Entitled to A Unilateral Stay Of Discovery

According to Rule 26(c) (the proper procedural mechanism for addressing a requested stay), the Court may issue a stay only for "good cause." *See, e.g., Aaipharma, Inc. v. Kremers Urban Dev. Co.*, No. 02 Civ. 9628(BSJ), 2011 WL 2565359, at *1 (S.D.N.Y. June 15, 2011). The factors courts consider when assessing good cause for a stay include (i) the likelihood of success of pending dispositive motions, (ii) whether a stay would prejudice the opposing party, and (iii) the burden of continuing discovery on the moving party. *Aaipharma*, 2011 WL 2565359, at *1. Here, each of these factors weighs against a stay.

*First*, the Court considers likelihood of success. Obviously, if a case will, in all likelihood, be fully resolved on summary judgment, it may make sense to address that first and hold other matters in abeyance. Ironically, implicit in Plaintiffs' position here is the assumption that Aereo's motion for summary judgment will succeed, thereby disposing of the case and obviating the need for further discovery on issues related to, for example, damages and market harm.[4] While Aereo agrees that it is likely to succeed, unilaterally halting Aereo's discovery in this case – a few weeks before the scheduled close of discovery – would be incredibly inefficient and would ultimately reward Plaintiffs for their discovery abuses to date. Although Aereo is confident in its motion for summary judgment, until that motion is granted, trial remains a possibility for which Aereo must prepare. Plaintiffs have consistently and repeatedly stonewalled and delayed Aereo's discovery efforts, and in order to prevent any further delay in the event that this case is not entirely resolved on summary judgment, the most prudent and efficient course is to proceed with the discovery that is under way. This is entirely consistent with this Court's prior decision denying Plaintiffs' motion for a stay pending decision on their appeal. *See* DE# 133. Both parties should continue to prepare their cases while the Court considers the pending summary judgment motion.

---

[3] For example, much of Aereo's pending discovery concerns damages. It makes no sense to stay that discovery unless one assumes that summary judgment will be allowed and damages discovery will not be required.

[4] If Plaintiffs embrace the position that the summary judgment motion will dispose of the whole case – the key predicate to justify a stay – then it would only make sense to stay all discovery, not the one-way discovery process that Plaintiffs advocate.

WINSTON & STRAWN LLP

May 21, 2013
Page 3

*Second*, a unilateral or partial stay would substantially prejudice Aereo. There are only a few weeks left until the scheduled close of discovery. Aereo has had to fight for every inch of discovery progress with respect to documents and depositions and, with such a short time remaining, still does not have a complete production from the Plaintiffs. Further, multiple motions and issues remain pending, and scheduling of depositions has been a monumental challenge. All of these issues are interrelated. If Aereo's discovery were stayed, it would be severely prejudiced in two fundamental ways: a) it would be prevented from continuing discovery on matters that Plaintiffs apparently intend to assert are both relevant and "disputed," and b) it would prevent Aereo from completing its discovery (including damages discovery) if this case were to proceed to trial. It would also reward Plaintiffs for their obstructionist tactics. Over the past several months the parties have been entrenched in prolonged discovery disputes arising from Plaintiffs' refusal to respond to even the most fundamental discovery requests.[5] This motion is an extension of Plaintiffs' ongoing efforts to avoid discovery and ignore the rules applicable to all other litigants.[6] Staying discovery at this stage would only endorse Plaintiffs' tactics and prolong resolution of this case.

Moreover, if Plaintiffs continue to succeed in delaying resolution of the case – whether through an improper unilateral stay, refusal to properly participate in discovery, or delay of final judgment – they will achieve another of their improper objectives: namely, preventing Aereo from removing the cloud that has hung over its business since March 1, 2012. Should the Court deny summary judgment, the parties would have to recommence discovery once again, including revisiting all of the pending discovery issues. If Plaintiffs' behavior thus far is any indication, discovery could (and likely would) drag on for many months more.

*Third*, there is no logical argument that any of the Plaintiffs would be prejudiced if discovery moved forward. Plaintiffs brought this case in an effort, albeit unsuccessful thus far, to shut Aereo down. They have engaged in the discovery process against Aereo with a "scorched earth" policy in every respect. Accordingly, they cannot be heard to complain of prejudice with respect to the cost and expense of engaging in the remaining discovery from them (even if, as we expect, it turns out to be unnecessary). Indeed, most of the discovery could have and should have been forthcoming long ago. This Court has already denied Plaintiffs' stay request once; it should do so again.

---

[5] As of the original close of discovery in February, most of Plaintiffs' document production consisted of copyright registration certificates and third-party commercially-distributed electronic news updates. To date, with the close of discovery less than one month away, Plaintiffs refuse to confirm when their productions will be substantially completed, and still continue to refuse to search central repositories. Plaintiffs also dragged their feet in scheduling depositions, and the ABC Plaintiffs refused to offer dates for 30(b)(6) witnesses even before Aereo filed its summary judgment motion.

[6] Leslie Moonves, the CEO of CBS, was quoted last week, discussing CBS' fall line up, as stating: "We are the center of the universe." Kirsten Acuna, *CBS CEO Les Moonves: 'We Are The Center Of The Universe'*, BUSINESS INSIDER, May 15, 2013, http://www.businessinsider.com/cbs-ceo-les-moonves-we-are-the-center-of-the-universe-2013-5 (quoting Moonves). Unfortunately, that statement perfectly captures Plaintiffs' approach to discovery and procedural rules in this case.

WINSTON & STRAWN LLP

May 21, 2013
Page 4

### Moving for Summary Judgment Does Not Obviate the Need for Discovery

Plaintiffs' argument that Aereo relinquished its right to all discovery by filing its motion for summary judgment is simply incorrect, and the cases on which Plaintiffs rely are inapposite. Plaintiffs cite cases that concern parties that seek additional discovery to support their summary judgment motion; that is clearly not the case here. *Cf. Filiatrault v. Comverse Tech., Inc.*, 275 F.3d 131 (1st Cir. 2001) (affirming district court's denial of motion for additional discovery because "it is surpassingly difficult to imagine what additional evidence . . . he might need to respond to the defendants' motion for summary judgment"); *Hendrix v. Herman*, No. Civ. 91-6178T, 1992 WL 551144 (W.D.N.Y. Mar. 30, 1992) (denying plaintiff opportunity for additional discovery to prove up his summary judgment motion). In the other cases on which Plaintiffs rely, a Court merely exercised its discretion to issue a stay to prevent a party getting discovery on a precise contained issue that the party contended was undisputed. *See Zalewski v. T.P. Builders, Inc.*, 875 F. Supp. 135 (N.D.N.Y. 2012) (denying additional discovery related to issue of substantial similarity); *Klos v. Haskell*, 835 F. Supp. 710 (W.D.N.Y. 1993) (denying additional discovery that movant sought after claiming the issues were undisputed in his cross motion for summary judgment). Here, in addition to all of the other reasons weighing against a stay, in this complex case it is not efficient to try to carve up discovery on an issue by issue basis. Aereo contends that the facts *that are necessary* to resolve liability for copyright infringement are undisputed.[7] But Plaintiffs have taken discovery about, and have disputed and continue to dispute many facts that Aereo contends have nothing whatsoever to do with this case. Aereo must have the tools to defend itself from these various forays and assertions. Further, these cases are inapplicable because much of the discovery being sought by Aereo concerns damages, not liability. The Court never bifurcated these proceedings. Thus, discovery related to both liability and damages should have been and should continue to be moving in tandem. Importantly, none of these cases stand for the proposition that discovery must come to a grinding halt upon a party moving for summary judgment. Indeed, our research revealed no cases in this Court where a party subject to a dispositive motion was automatically entitled to no longer produce documents or witnesses in response to requests that had been outstanding for months.

***

In sum, no good cause exists to stay discovery against Aereo. While Aereo agrees with the Plaintiffs' implicit view that summary judgment will resolve this case, in view of the short time remaining for discovery, the substantial amount of discovery that remains to be completed, and the need to reach resolution of this case one way or another, a stay – especially the unilateral one Plaintiffs advocate – would be both inefficient and highly prejudicial to Aereo.

---

[7] ABC Plaintiffs have indicated their intent to respond to the summary judgment motion with a Rule 56(d) motion. Aereo will respond separately to that motion if and when ABC Plaintiffs illuminate in that motion what facts they believe are unavailable to them after the extensive discovery they have conducted against Aereo beginning at the preliminary injunction stage.

WINSTON & STRAWN LLP

May 21, 2013
Page 5

        Respectfully submitted,

        /s/ Michael S. Elkin

        Michael S. Elkin

cc: All counsel (*via email*)