UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
AMERICAN BROADCASTING COMPANIES, INC. ET :
AL,                                                               :
                                    Plaintiffs,                   :
                                                                  :
              -v-                                                 :
                                                                  :
                                                                  :
AEREO, INC.,                                                      :
                                    Defendant,                    :
------------------------------------------------------------------X
                                                                  :
WNET ET AL,                                                       :
                                    Plaintiffs,                   :
                                                                  :
              -v-                                                 :
                                                                  :
                                                                  :
AEREO, INC.,                                                      :
                                    Defendant,                    :
------------------------------------------------------------------X

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____       │
│ DATE FILED: JUL 1 2 2013             │
└─────────────────────────────────────┘
```

12 Civ. 1540 (AJN)

ORDER

12 Civ. 1543

ALISON J. NATHAN, District Judge:

On June 24, 2013, the Court issued an order in the above-captioned case regarding, among other things, a number of improper, incomplete, and over-broad requests for redaction and filing under seal. (Dkt. No. 215) Pursuant to that order, the Court struck a number of redaction requests associated with a variety of the parties' filings and provided the non-compliant parties with the option to either "resubmit these documents pursuant to Rule 4A [of the Court's Individual Practices] or file a complete, unredacted version on ECF."

In response to that order, the Court has received a number of resubmitted redaction requests. These include the following:

1. Documents Submitted Relative to Aereo's Initial Objections to Magistrate Judge Pitman's Rulings on Discovery Disputes

   a.  On July 1, 2013, the Court received a joint request from the ABC Plaintiffs and
       Aereo seeking limited redactions to the ABC Plaintiffs' response to Aereo's
       Objections to Magistrate Judge Pitman's Rulings on Discovery Disputes, as well
       as associated documents.

2. <u>Documents Submitted Relative to Aereo's Motion for Partial Summary Judgment</u>

   a.  On July 1, 2013, the Court received a joint request from the ABC Plaintiffs and
       Aereo seeking limited redactions to the ABC Plaintiffs' Opposition to Aereo's
       Motion for Summary Judgment, as well as associated documents.

   b.  On July 1, 2013, the Court received a joint request from the WNET Plaintiffs and
       Aereo seeking redactions to the WNET Plaintiffs' Opposition to Aereo's Motion
       for Summary Judgment, as well as associated documents.  In addition to the
       redaction requests, in that letter, the WNET Plaintiffs request that the Court
       destroy the documents submitted in their previous, improper redaction request, as
       well as a set of "highlighted" copies that were submitted without highlighting.  In
       lieu of destroying these documents, and as there is a substantial quantity of paper
       involved, counsel for the WNET Plaintiffs are ORDERED to contact Chambers
       staff to arrange to have their misfiled documents picked up from Chambers.

   c.  On July 9, 2013, the Court received a joint request from Aereo and the WNET
       Plaintiffs seeking limited redactions "to bring Aereo's June 21, 2013 Summary
       Judgment Reply papers into compliance with Rule 4(A)."  These documents were
       not discussed in this Court's previous order.

3. <u>Documents Submitted Relative to the ABC Plaintiffs' Objections to Magistrate Judge
   Pitman's Order Requiring Production of Retransmission Agreements</u>

    a.  On July 1, 2013, the Court received a joint request from the ABC Plaintiffs and Aereo seeking limited redactions to filings associated with the "ABC Plaintiffs' Objections to Magistrate Judge Pitman's Ruling on Discovery Disputes" and their reply to Aereo's response to the same.

    b.  On July 1, 2013, the Court received a joint request from Aereo, the WNET Plaintiffs, and the CBS Plaintiffs seeking limited redactions to bring Aereo's June 14, 2013 Response to the ABC Plaintiffs' Objections to Judge Pitman's Order regarding retransmission documents into compliance with Rule 4(A)."

4.  <u>Documents Submitted Relative to Magistrate Judge Pitman's Denial of Aereo's Motion to Compel the Deposition of Leslie Moonves</u>

    a.  On July 2, 2013, the Court received a joint request on behalf of Aereo and CBS seeking limited redactions to "submissions made in connection with Aereo's Objections to Magistrate Judge Pitman's Denial of its Motion to Compel the Deposition of Leslie Moonves."

    b.  On July 2, 2013, the Court received a joint request from Aereo and CBS seeking limited redactions to filings associated with CBS's Response to Aereo's Objections to Magistrate Judge Pitman's Denial of Aereo's Motion to Compel the Deposition of Leslie Moonves.

The Court has reviewed the proposed requests and finds that the requests comply with Rule 4A and both address and satisfy the requirements of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The proposed redactions are justified and necessary in order to protect the parties' confidential business information, as well as for the additional reasons provided in the letters submitted in support of each redaction request, (*see* attached letters), and

3

they are narrowly tailored. *See Lugosch*, 435 F.3d at 127 ("higher values necessitate a narrowly tailored sealing"); *see also In re Zyprexa Litig.*, 474 F. Supp. 2d 385, 421 (E.D. N.Y. 2007).

The Court will file under seal the loose-leaf, unredacted copies of these documents. The parties are ORDERED to file the redacted versions of these papers on ECF within two business days of this order. In addition, as to any motion or Rule 72 objection that is now fully briefed, the moving (or objecting) party is hereby ORDERED to submit to the Court within seven days of this order, two courtesy copies of that motion or objection, in accordance with Rule 3D of this Court's Individual Practices in Civil Cases, and with all redacted documents included in unredacted, highlighted form. Because the courtesy copies of Aereo's Motion for Summary Judgment were submitted prior to this Court's ruling and are not highlighted to reflect the court-approved redactions, counsel for Aereo is ORDERED to contact Chambers staff to arrange to have these documents retrieved from Chambers and to resubmit their courtesy copies in conformity with this order.

SO ORDERED.

Dated: July ___, 2013
New York, New York

_____
ALISON J. NATHAN
United States District Judge

D E B E V O I S E  &  P L I M P T O N  LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com

July 1, 2013

<u>VIA EMAIL & FEDERAL EXPRESS</u>

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007



**Am. Broad. Cos., Inc., et al. v. Aereo, Inc., 12 Civ. 1540 (AJN)(HBP) (SDNY)**

Dear Judge Nathan:

Pursuant to Rule 4.A. of Your Honor's Individual Practices in Civil Cases and the Court's June 24, 2013 Order, 12-cv-1540, ECF No. 215, the ABC Plaintiffs hereby request that you authorize certain redactions to the ABC Plaintiffs' Response To Aereo, Inc's Objections To Magistrate Judge Pitman's Rulings On Discovery Disputes ("Response") and Declaration Of Michael R. Potenza ("Potenza Declaration"), both filed April 23, 2013.

Enclosed are (a) copies of the Response and Potenza Declaration that highlight the portions for which redactions are requested and (b) one partial, loose leaf set of the pages from the Response and Potenza Declaration that are requested to be filed under seal.

The only redactions requested are found in Exhibit 4 to the Potenza Declaration, which is a copy of the publicly-filed brief submitted by the WNET Plaintiffs, dated March 19, 2013. It is part of the ABC Plaintiffs' Response to show that Judge Pitman based his discovery decision on a complete and fully briefed record. The only proposed redactions in Exhibit 4 are the same portions that already were redacted by the WNET Plaintiffs when the WNET Plaintiffs publicly filed that brief.

Accordingly, because the ABC Plaintiffs have no additional redaction requests, the concerns underlying *Lugosch v. Pyramid Co. of Onondaga*, 435 F. 3d 110 (2d Cir. 2008), and by extension Your Honor's Rule 4.A., would not appear to be implicated by this submission. Moreover, the substance of Exhibit 4 was the subject of a lengthy

Hon. Alison J. Nathan                           2                           July 1, 2013

hearing with Judge Pitman on March 21, 2013, that was open to the public. *See id.* at 124 ("access to written documents" less important when a "hearing is held" on the matter).

Nonetheless, out of an abundance of caution, the ABC Plaintiffs request permission to redact Exhibit 4 to the Potenza Declaration in the same way as it was redacted in the WNET Plaintiffs' previously publicly-filed version.

Should the Court authorize Aereo's proposed redactions, the ABC Plaintiffs will file the redacted versions of these documents via ECF.

Respectfully submitted,

Bruce P. K

Bruce P. Keller

cc:      All Counsel of Record

Enclosures

# WINSTON & STRAWN LLP



| | | |
|---|---|---|
| BEIJING | 200 PARK AVENUE | LOS ANGELES |
| BRUSSELS | NEW YORK, NEW YORK 10166 | MOSCOW |
| CHARLOTTE | | NEW YORK |
| CHICAGO | +1 (212) 294-6700 | NEWARK |
| GENEVA | FACSIMILE +1 (212) 294-4700 | PARIS |
| HONG KONG | www.winston.com | SAN FRANCISCO |
| HOUSTON | | SHANGHAI |
| LONDON | | WASHINGTON, D.C. |

July 1, 2013

**MICHAEL S. ELKIN**
(212) 294-4700
melkin@winston.com

**BY EMAIL**

The Honorable Alison J. Nathan
United States District Court Judge
Southern District of New York
40 Foley Square, Room 2102
New York, New York  10007

> **RE:   ABC, Inc. et al., v. Aereo, Inc., Case No. 12-civ-1540, 1543 (AJN) (Cons.)**

Dear Judge Nathan:

This letter is submitted on behalf of Defendant Aereo, Inc., and CBS Broadcasting Inc. and CBS Studios Inc. (collectively "CBS") in response to Your Honor's June 24, 2013, Order regarding, among other things, the proposed redactions contained in the parties submissions made in connection with Aereo's Objections to Magistrate Judge Pitman's Denial of its Motion to Compel the Deposition of Leslie Moonves.  In furtherance of the Order, the parties have met and conferred regarding the scope of the redactions and Aereo hereby resubmits its briefing and supporting declarations according to Rule 4A of Your Honor's Individual Practices in Civil Cases, and requests that Your Honor deem the submissions timely-filed.  The reasons for the proposed redactions follow.

CBS requests, and Aereo does not oppose, that the Court authorize certain limited redactions to (1) Aereo's Objection To Magistrate Judge Pitman's June 4, 2013 Denial Of Aereo's Motion To Compel The Deposition Of Leslie Moonves filed on June 10, 2013, (2) Declaration Of Michael S. Elkin filed on June 10, 2013, and (3) Aereo's Reply In Further Support Of Its Objections To Magistrate Judge Pitman's June 4, 2013 Denial Of Aereo's Motion To Compel The Deposition Of Leslie Moonves.  The specific, requested redactions have been applied to information reflected in highly confidential statements made by Martin Franks during his April 10, 2012 deposition in this case, regarding negotiations of specific retransmission agreements.

WINSTON & STRAWN L.L.P.

July 1, 2013
Page 2

The requested redactions are identical to redactions on pages of Mr. Franks' deposition transcript that are already a part of the public record. *See, e.g.*, Supplemental Decl. of Michael R. Potenza, Ex. 5, ECF No. 95. If made public, this highly confidential "business information" would harm CBS's "competitive standing" in negotiating future retransmission agreements. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07 CV 2014 (SWK), 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); see also *In re Zyprexa Litig.*, 474 F. Supp. 2d 385, 421 (E.D.N.Y. 2007) (allowing documents consisting of trade secrets and confidential information to be filed under seal). Such "narrowly tailored" redactions "preserve [the] higher values" of protecting CBS's highly confidential, competitively sensitive negotiation information, while permitting public access to the vast majority of the documents, and should be permitted by this Court. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

Separately from CBS's requests for redaction, Aereo requests, and CBS does not oppose, that the Court authorize certain limited redactions to the Reply Declaration of Michael S. Elkin, filed June 19, 2013. The information Aereo wishes to redact constitutes "Highly Confidential Information" that is competitively sensitive and entitled to extraordinary protection. *See Zyprexa Litig.*, 474 F. Supp. 2d 385, 421-22 (E.D.N.Y. 2007) (redaction of confidential information is proper). The requested redactions are narrowly tailored to protect certain testimony given by Barry Diller, Chairman of IAC (an Aereo investor), during his June 13, 2013 deposition in this case. In particular, the information Aereo wishes to redact relates to highly sensitive information regarding Aereo's potential functionality and its business relationships. Disclosure of such information could undermine Aereo's competitive advantage. The proposed redactions are "are narrowly tailored, limited in scope, and justified to protect Aereo's confidential and proprietary business information." *See* Dkt. 215 at 5 (citing *Lugosch*, 435 F.3d at 120; *Zyprexa*, 474 F. Supp. 2d at 421). Aereo therefore seeks the Court's approval for redaction.

The requested redactions are identified by the highlights contained in the attached submissions. In addition to that highlighted set of documents, the parties have also attached a loose leaf set of solely those pages on which the parties seek to have material redacted. One full set of the relevant documents, and one partial, loose leaf set of solely those pages on which the party seeks to redact material will be delivered to chambers in hard copy.

For the foregoing reasons, the parties jointly request that the Court approve the requested redactions, file under seal the unredacted pages and direct the parties to file a redacted version of their submissions on ECF.

Respectfully submitted,

/s/ Michael S. Elkin

Michael S. Elkin

cc: Counsel of record (by email)
Encl.

**DEBEVOISE & PLIMPTON LLP**

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com

July 1, 2013

<u>VIA EMAIL & FEDERAL EXPRESS</u>

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007



**Am. Broad. Cos., Inc., et al. v. Aereo, Inc., 12 Civ. 1540 (AJN)(HBP) (SDNY)**

Dear Judge Nathan:

Pursuant to Rule 4.A. of Your Honor's Individual Practices in Civil Cases and the Court's June 24, 2013 Order, 12-cv-1540, ECF No. 215, CBS Broadcasting Inc. and CBS Studios Inc.'s (collectively "CBS") and Aereo hereby request that you authorize certain redactions to CBS's Response To Objections To Denial Of Motion To Compel The Deposition Of Leslie Moonves ("Response") and Declaration Of Michael R. Potenza ("Potenza Declaration"), both filed June 14, 2013.

Enclosed are (a) copies of the Response and Potenza Declaration that highlight the portions for which redactions are requested and (b) one partial, loose leaf set of the pages from the Response and Potenza Declaration that are requested to be filed under seal.

CBS requests, and Aereo does not oppose, that the Court authorize certain limited redactions to the Potenza Declaration. The specific, requested redactions have been applied to information reflected in highly confidential statements made by Martin Franks during his April 10, 2012 deposition in this case, regarding negotiations of specific retransmission agreements.

The requested redactions are of two types. The first are identical to redactions on pages of Mr. Franks' deposition transcript that are already a part of the public record. *See, e.g.*, Supplemental Decl. of Michael R. Potenza, Ex. 6, ECF No. 95. The second are from an additional page of the deposition transcript quoted in an exhibit to the Potenza Declaration. That redaction is identical in substance, but applied to additional lines of

Hon. Alison J. Nathan                         2                         July 1, 2013

testimony of Mr. Franks' deposition transcript. Both categories of redactions are applied to content that is highly confidential "business information," and that, if made public, would harm CBS's "competitive standing" in negotiating future retransmission agreements. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07 CV 2014 (SWK), 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also In re Zyprexa Litig.*, 474 F. Supp. 2d 385, 421 (E.D.N.Y. 2007) (allowing documents consisting of trade secrets and confidential information to be filed under seal). Such "narrowly tailored" redactions preserve "[the] higher values" of protecting CBS's highly confidential, competitively sensitive negotiation information, while permitting public access to the vast majority of the documents, and should be permitted by this Court. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

Aereo requests, and CBS does not oppose, that the Court authorize certain limited redactions to (1) the Response and (2) the Potenza Declaration. The information Aereo wishes to redact constitutes "Highly Confidential Information" that is so competitively sensitive it is entitled to extraordinary protection. *See Zyprexa Litig.*, 474 F. Supp. 2d 385, 421-22 (E.D.N.Y. 2007) (redaction of confidential information is proper). The requested redactions are narrowly tailored to protect certain testimony given by Chaitanya Kanojia, Aereo's founder and CEO, during his May 30, 2013 deposition in this case. In particular, the information Aereo wishes to redact is relates to highly sensitive information regarding the size of Aereo's subscriber base and Aereo's competitive position in the marketplace. The proposed redactions are "are narrowly tailored, limited in scope, and justified to protect Aereo's confidential and proprietary business information." *See* Dkt. 215 at 5 (citing *Lugosch*, 435 F.3d at 120; *Zyprexa*, 474 F. Supp. 2d at 421). Aereo therefore seeks the Court's approval for redaction.

Should the Court authorize Aereo's proposed redactions, CBS will file the redacted versions of these documents via ECF.

Respectfully submitted,

*Bruce P. K*

Bruce P. Keller

cc:    All Counsel of Record


Enclosures

# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com

July 1, 2013

VIA EMAIL & FEDERAL EXPRESS

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007



**Am. Broad. Cos., Inc., et al. v. Aereo, Inc., 12 Civ. 1540 (AJN)(HBP) (SDNY)**

Dear Judge Nathan:

Pursuant to Rule 4.A. of Your Honor's Individual Practices in Civil Cases and the Court's June 24, 2013 Order, 12-cv-1540, ECF No. 215, the ABC Plaintiffs and Aereo hereby request that you authorize certain redactions to the ABC Plaintiffs' Objections To Magistrate Judge Pitman's Ruling On Discovery Disputes ("Objections") and Declaration of Michael R. Potenza ("Potenza Declaration"), both filed June 6, 2013.

Enclosed are (a) copies of the Objections and Potenza Declaration that highlight the portions for which redactions are requested and (b) one partial, loose leaf set of the pages from the Objections and Potenza Declaration that that are requested to be filed under seal.

Aereo requests, and the ABC Plaintiffs do not oppose, that the Court authorize a few, narrowly-tailored redactions in connection with this filing. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The information Aereo wishes to redact constitutes "Highly Confidential Information" that is so competitively sensitive it is entitled to extraordinary protection. *See Zyprexa Litig.*, 474 F. Supp. 2d 385, 421-22 (E.D.N.Y. 2007) (redaction of confidential information is proper). In particular, Aereo wishes to redact highly sensitive information regarding the size of Aereo's subscriber base, the results of a confidential survey performed for Aereo regarding consumer use of "new subscription services," private notes taken during a meeting between Aereo and non-party Amazon regarding a potential business relationship, and correspondence (and private contact information) between Aereo's CEO and an industry analyst sharing comments about the networks and Aereo. Aereo submits that the proposed redactions are

Hon. Alison J. Nathan                          2                          July 1, 2013

"are narrowly tailored, limited in scope, and justified to protect Aereo's confidential and proprietary business information." *See* Dkt. 215 at 5 (citing *Lugosch*, 435 F.3d at 120; *Zyprexa*, 474 F. Supp. 2d at 421). Aereo therefore seeks the Court's approval for redaction.

The ABC Plaintiffs and Aereo also request redactions to Exhibits 4 and 7 to the Potenza Declaration. Exhibit 4 is a copy of the publicly-filed brief submitted by the WNET Plaintiffs. Exhibit 7 is a copy of the publicly-filed Declaration Of Julie A. Shepard in support of that brief. The proposed redactions in Exhibits 4 and 7 are the same portions that already were redacted by the WNET Plaintiffs when the WNET Plaintiffs publicly filed those papers. *See* 12 Civ. 1543 (S.D.N.Y.), ECF No. 181. Because there are no additional redaction requests, the concerns underlying *Lugosch*, and by extension Your Honor's Rule 4.A., would not appear to be implicated by this submission. The substance of Exhibits 4 and 7, moreover, was the subject of a lengthy hearing with Judge Pitman on March 21, 2013, that was open to the public. *See id.* at 124 ("access to written documents" less important when a "hearing is held" on the matter).

Nonetheless, out of an abundance of caution, permission is requested to redact Exhibits 4 and 7 to the Potenza Declaration in the same way as they were redacted in the WNET Plaintiffs' previously publicly-filed version.

Should the Court authorize the proposed redactions, the ABC Plaintiffs will file the redacted versions of these documents via ECF.

Respectfully submitted,

Bruce P. K

Bruce P. Keller

cc:     All Counsel of Record

Enclosures

# FISH & RICHARDSON P.C.



One Marina Park Drive
Boston, Massachusetts
02210-1878

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

July 1, 2013



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

HOUSTON

MUNICH

NEW YORK

SILICON VALLEY

SOUTHERN CALIFORNIA

TWIN CITIES

WASHINGTON, DC



## VIA ELECTRONIC MAIL & HAND-DELIVERY

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street, Rm. 614
New York, NY 10007

Re:   *ABC, et al. v. Aereo, Inc.*, 12-cv-1540-AJN (S.D.N.Y.) (Consolidated)

Dear Judge Nathan:

Pursuant to Your Honor's Order dated June 24, 2013, Defendant Aereo, Inc. ("Aereo"), the WNET Plaintiffs, and Plaintiffs CBS Broadcasting Inc. and CBS Studios Inc. (together "CBS") submit the following joint request to bring Aereo's June 14, 2013 Response to the ABC Plaintiffs' Objections to Judge Pitman's Order regarding retransmission documents into compliance with Rule 4(A) of this Court's Individual Practices in Civil Cases.

The WNET Plaintiffs request that the portions of the Declaration of Kevin Murphy discussing Exhibits B and C to the Murphy Declaration be filed under seal because these exhibits are third-party, subscription-only research reports that contain proprietary third-party information and these subscription services require the recipients of the reports to maintain their confidentiality.

CBS requests that the Court authorize certain limited redactions to (1) Aereo, Inc's Response to the ABC Plaintiffs' Fed. R. Civ. P. 72(a) Objections to Judge Pitman's Order Requiring Production Of Retransmission Documents dated June 14, 2013 and (2) Declaration Of R. David Hosp dated June 14, 2013.  The specific requested redactions, highlighted in the attachments to this letter, have been applied to information reflected in highly confidential statements made by Martin Franks during his April 10, 2012 deposition in this case, regarding negotiations of specific retransmission agreements.

FISH & RICHARDSON P.C.

July 1, 2013
Page 2

The requested redactions are of two types. The first are identical to redactions on
pages of Mr. Franks' deposition transcript that are already a part of the public record.
*See, e.g.*, Supplemental Decl. of Michael R. Potenza, Ex. 6, ECF No. 95. The second
are on additional pages of the deposition transcript Aereo included in connection with
the Declaration of R. David Hosp. Those redactions are identical in substance, but
applied to additional lines of testimony of Mr. Franks' deposition transcript. Both
categories of redactions are applied to content that is highly confidential "business
information," and that, if made public, would harm CBS's "competitive standing" in
negotiating future retransmission agreements. *Standard Inv. Chartered, Inc. v. Nat'l
Ass'n of Sec. Dealers, Inc.*, No. 07 CV 2014 (SWK), 2008 WL 199537, at *8
(S.D.N.Y. Jan. 22, 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,
598 (1978)); see also *In re Zyprexa Litig.*, 474 F. Supp. 2d 385, 421 (E.D.N.Y. 2007)
(allowing documents consisting of trade secrets and confidential information to be
filed under seal). Such "narrowly tailored" redactions "preserve [the] higher values"
of protecting CBS's highly confidential, competitively sensitive negotiation
information, while permitting public access to the vast majority of the documents, and
should be permitted by this Court. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d
110, 124 (2d Cir. 2006).

Aereo has enclosed one full set of the relevant documents and one partial, loose-leaf
set of solely those pages CBS and the WNET Plaintiffs request to be redacted. The
parties respectfully request that the Court approve the redactions and file under seal
the unredacted pages for which the Court has approved redactions. Aereo will then
file the redacted versions of the documents on ECF.

Respectfully submitted,

*/s/ R. David Hosp*

R. David Hosp

cc: All Counsel of Record

# FISH & RICHARDSON P.C.

One Marina Park Drive
Boston, Massachusetts
02210-1878

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

July 9, 2013

**VIA ELECTRONIC MAIL AND HAND DELIVERY**

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street, Rm. 615
New York, NY 10007



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

HOUSTON

MUNICH

NEW YORK

SILICON VALLEY

SOUTHERN CALIFORNIA

TWIN CITIES

WASHINGTON, DC

Re:   ***ABC, et al. v. Aereo, Inc., 12-cv-1540-AJN (S.D.N.Y.) (Consolidated)***

Dear Judge Nathan:

Defendant Aereo, Inc. ("Aereo") and the WNET Plaintiffs respectfully submit the following joint request to bring Aereo's June 21, 2013 Summary Judgment Reply papers into compliance with Rule 4(A) of this Court's Individual Practices in Civil Cases.[1]  Specifically, the parties seek limited redactions within the following documents:

- Aereo's Reply to the WNET Plaintiffs' Response to Aereo's Statement of Undisputed Material Facts and Response to the WNET Plaintiffs' Statement of Additional Facts;

- Aereo's Reply to the ABC Plaintiffs' Response to Aereo's Statement of Undisputed Material Facts in Support of Aereo's Motion for Summary Judgment; and the

- Declaration of R. David Hosp in Opposition to Plaintiffs' Request for Additional Discovery Pursuant to Fed. R. Civ. P. 56(d) and corresponding Exhibits.

After conferring with Plaintiffs, Aereo has determined that none of the parties seeks redaction of information within the Reply brief; therefore, Aereo will immediately file the brief through ECF.

---

[1] Due to the timing of Aereo's submission on June 21, 2013, Your Honor's June 24, 2013 Order regarding filing under seal did not address this particular submission; however, Aereo and the WNET Plaintiffs submit the request at this time to properly comply with Rule 4(A).

FISH & RICHARDSON P.C.

July 9, 2013
Page 2

Aereo seeks the Court's approval for a few narrowly-tailored redactions in connection with this filing. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The information Aereo wishes to redact constitutes highly confidential information that is so competitively sensitive it is entitled to extraordinary protection. *See Standard Inv. Chartered, Inc. v. National Ass'n of Securities Dealers, Inc.*, 2008 WL 199537, *8 (S.D.N.Y., Jan. 22, 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Zyprexa Litig.*, 474 F. Supp. 2d 385, 421-22 (E.D.N.Y. 2007).

In particular, Aereo wishes to redact certain information regarding the Highly Confidential methods by which the Aereo technology operates, including the methods by which the Aereo technology limits the playback of over-the-air broadcasts to members within the geographic area served by over-the- air signals (*see* Dkt. 215 at 5 (allowing redaction of same)) and the function of Aereo's antennas. Aereo further wishes to redact certain information regarding Aereo's proprietary business strategies and discussions, which constitute Aereo's "confidential commercial information . . . revelation [of which] has the potential to impinge on the company's privacy and property rights and inflict commercial harm." (*See Zyprexa*, 474 F. Supp. 2d at 421-22; accord *Standard Inv.*, 2008 WL 199537, at *8 (quoting *Nixon*, 425 U.S. 598)). Some of the exhibits that Aereo seeks to redact have previously been filed in redacted form. The proposed redactions are "are narrowly tailored, limited in scope, and justified to protect Aereo's confidential and proprietary business information." *See* Dkt. 215 at 5 (citing *Lugosch*, 435 F.3d at 120; *Zyprexa*, 474 F. Supp. 2d at 421). Aereo therefore seeks the Court's approval for redaction.

The WNET Plaintiffs request that references to the Declaration of Jaime Rodriguez discussing Univision's licensing agreements with third parties be filed under seal because these portions of the declaration discuss future and evolving new media services that have not yet been fully launched to the public and premature disclosure will undermine their value and/or launch. Additionally, the WNET Plaintiffs request that references to the Declaration of Andrea Downing discussing PBS's licensing agreements with third parties be filed under seal because these portions of the declaration contain confidential, commercially sensitive third-party information that is non-public.

Aereo has enclosed one full set of the relevant documents and one partial, loose-leaf set of solely those pages Aereo and the WNET Plaintiffs request to be redacted. The parties respectfully request that the Court approve the redactions and file under seal the unredacted pages for which the Court has approved redactions. Aereo will then file the redacted versions of the documents on ECF.

FISH & RICHARDSON P.C.

July 9, 2013
Page 3

Respectfully submitted,

*/s/ R. David Hosp*

R. David Hosp

cc: All Counsel of Record

# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com

July 1, 2013



<u>VIA EMAIL & FEDERAL EXPRESS</u>

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

**Am. Broad. Cos., Inc., et al. v. Aereo, Inc., 12 Civ. 1540 (AJN)(HBP) (SDNY)**

Dear Judge Nathan:

Pursuant to Rule 4.A. of Your Honor's Individual Practices in Civil Cases and the Court's June 24, 2013 Order, 12-cv-1540, ECF No. 215, the ABC Plaintiffs and Aereo hereby request that you authorize certain redactions to the ABC Plaintiffs' Memorandum Of Law In Opposition To Aereo's Motion For Summary Judgment ("Memorandum of Law"), ABC Plaintiffs' Response To Defendant's Statement Of Undisputed Material Facts In Support Of Motion For Summary Judgment ("56.1 Response"), Declaration of Bruce P. Keller ("Keller Declaration") and Declaration of Michael R. Potenza ("Potenza Declaration").

Enclosed are (a) copies of the Memorandum of Law, 56.1 Response, Keller Declaration and Potenza Declaration that highlight the portions for which redactions are requested and (b) one partial, loose leaf set of the pages from the Memorandum of Law, 56.1 Response, Keller Declaration and Potenza Declaration that are requested to be filed under seal.

Aereo requests, and the ABC Plaintiffs do not oppose, that the Court authorize a few, narrowly-tailored redactions in connection with this filing. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The information Aereo wishes to redact constitutes highly confidential information that is so competitively sensitive it is entitled to extraordinary protection. *See Standard Inv. Chartered, Inc. v. National Ass'n of Securities Dealers, Inc.*, 2008 WL 199537, *8 (S.D.N.Y., Jan. 22, 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Zyprexa Litig.*, 474 F. Supp. 2d 385, 421-22 (E.D.N.Y. 2007).

Hon. Alison J. Nathan 2 July 1, 2013

    In particular, Aereo wishes to redact certain information regarding the Highly
Confidential methods by which the Aereo technology operates, including the methods by
which the Aereo technology limits the playback of over-the-air broadcasts to members
within the geographic area served by over-the- air signals (*see* Dkt. 215 at 5 (allowing
redaction of same)) and the function of Aereo's antennas.  Aereo further wishes to redact
certain information regarding Aereo's proprietary business strategies and discussions,
which constitute Aereo's "confidential commercial information . . . revelation [of which]
has the potential to impinge on the company's privacy and property rights and inflict
commercial harm."  (*See* Zyprexa, 474 F. Supp. 2d at 421-22; accord *Standard Inv.*, 2008
WL 199537, at *8 (quoting *Nixon*, 425 U.S., 598)).  Some of the exhibits that Aereo
seeks to redact have previously been filed in redacted form.  The proposed redactions
"are narrowly tailored, limited in scope, and justified to protect Aereo's confidential and
proprietary business information."  *See* Dkt. 215 at 5 (citing *Lugosch*, 435 F.3d at 120;
*Zyprexa*, 474 F. Supp. 2d at 421).  Aereo therefore seeks the Court's approval for
redaction.

    Furthermore, some of the exhibits contain Highly Confidential business
information of third parties.  *See* Ex. 28.  Because the Parties understand that this
information constitutes "confidential commercial information . . . revelation [of which]
has the potential to impinge on the company's privacy and property rights and inflict
commercial harm" (*see Zyprexa*, 474 F. Supp. 2d at 421-22; *accord Standard Inv.*, 2008
WL 199537, at *8), the Parties jointly request the Court's approval for redaction.

    Should the Court authorize the proposed redactions, the ABC Plaintiffs will file
the redacted versions of these documents via ECF.

                        Respectfully submitted,

                        Bruce P. K——

                        Bruce P. Keller

cc:    All Counsel of Record

Enclosures

# J E N N E R & B L O C K LLP

July 1, 2013

Julie A. Shepard
Tel  213 239-2207
Fax 213 239-2217
jshepard@jenner.com

**VIA HAND DELIVERY**

The Honorable Alison J. Nathan
United States District Judge
United States District Court for
  the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 906
New York, NY  10007

Re:     *WNET, et al. v. Aereo, Inc.*, No. 12-cv-1540-AJN – Consolidated

Dear Judge Nathan:

Pursuant to Section 4A of Your Honor's Individual Practices in Civil Cases and the June 24,
2013 Order in the above-captioned case (Dkt. No. 221), the WNET Plaintiffs submit this letter
asking the Court to file under seal the following documents while allowing the WNET Plaintiffs
to file publicly:

- The WNET Plaintiffs' Opposition to Aereo's Motion for Summary Judgment;
- The WNET Plaintiffs' Response to Aereo's Statement of Undisputed Facts and
  Additional Material Facts;
- Declaration of Nigel Jones in Support of the WNET Plaintiffs' Opposition to Aereo's
  Motion for Summary Judgment;
- Declaration of Daniel Schaubert in Support of the WNET Plaintiffs' Opposition to
  Aereo's Motion for Summary Judgment;
- Declaration of Jaime Rodriguez in Support of the WNET Plaintiffs' Opposition to
  Aereo's Motion for Summary Judgment;
- Declaration of Andrea Downing in Support of the WNET Plaintiffs' Opposition to
  Aereo's Motion for Summary Judgment;
- Declaration of Kevin Murphy in Support of the WNET Plaintiffs' Opposition to Aereo's
  Motion for Summary Judgment; and
- Declaration of Julie Shepard in Support of the WNET Plaintiffs' Opposition to Aereo's
  Motion for Summary Judgment

(collectively, the "Under Seal Documents").

As required by Your Honor's Individual Practices in Civil Cases, attached hereto are (1) a full
set of the Under Seal Documents in highlighted form, and (2) one partial, loose leaf set of solely
the pages on which the WNET Plaintiffs and Aereo, Inc. (collectively "the Parties") seek to

2213786.1

July 1, 2013
Page 2

redact material from the Under Seal Documents. This set of Under Seal Documents contains fewer proposed redactions than the set provided to Your Honor on June 7, and the WNET Plaintiffs respectfully request that the Court destroy the June 7 set of highlighted and looseleaf documents. The WNET Plaintiffs have met and conferred with Aereo regarding these proposed redactions.

**WNET Plaintiffs' Confidential Information**: Pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2nd Cir. 2006), judicial documents may be protected from public disclosure when taking into account, among other things, "the privacy interests of those resisting disclosure." In light of *Lugosch*, the WNET Plaintiffs request that the Court file under seal the following Under Seal Documents:

1. Portions of the Declaration of Kevin Murphy and supporting Exhibits. The WNET Plaintiffs request Exhibits B, C, and E to the Murphy Declaration be filed under seal because these exhibits are third-party, subscription-only research reports that contain proprietary third-party information and these subscription services require the recipients of the reports to maintain their confidentiality. The WNET Plaintiffs further request that the portions of the Murphy Declaration discussing these exhibits be filed under seal.[1]

2. Portions of the Declaration of Jaime Rodriguez. The WNET Plaintiffs request that the portions of the Rodriguez Declaration discussing Univision's licensing agreements with third parties be filed under seal because these portions of the declaration discuss future and evolving new media services that have not yet been fully launched to the public and premature disclosure will undermine their value and/or launch.

3. Portions of the Declaration of Andrea Downing. The WNET Plaintiffs request that the portions of the Downing Declaration discussing PBS' licensing agreements with third parties be filed under seal because these portions of the declaration contain confidential, commercially sensitive third-party information that is non-public.

In sum, the WNET Plaintiffs' redactions are "are narrowly tailored, limited in scope, and justified to protect [the WNET Plaintiffs'] confidential and proprietary business information." *See* Dkt. 215 at 5 (citing *Lugosch*, 435 F.3d at 120; *Zyprexa Litig.*, 474 F. Supp. 2d 385, 421 (E.D.N.Y. 2007).

**Aereo's Confidential Information**: Aereo seeks the Court's approval for a few narrowly-tailored redactions in connection with the WNET Plaintiffs' Opposition to Aereo's Motion for Summary Judgment.[2] *See Lugosch*, F.3d at 120. The information Aereo wishes to redact

---

[1] Portions of Exhibits F, G, H, I, K, L and M to the Murphy Declaration were highlighted in color to draw the Court's attention to them and not for under seal filing purposes. Thus, the WNET Plaintiffs' request does not include these exhibits.

[2] Aereo seeks to redact all of the Under Seal Filings other than the three requests made by the WNET Plaintiffs (i.e. Exhibits B, C, and E to the Murphy Declaration and the portions of the

July 1, 2013
Page 3

constitutes highly confidential information that is so competitively sensitive it is entitled to extraordinary protection. *See See Standard Inv. Chartered, Inc. v. National Ass'n of Securities Dealers, Inc.*, 2008 WL 199537, *8 (S.D.N.Y., Jan. 22, 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Zyprexa Litig.*, 474 F. Supp. 2d, at 421.

In particular, Aereo wishes to redact certain information regarding the highly confidential methods by which the Aereo technology operates, including signal reception, antenna assignment, and creation of the so-called "Watch Now Copies." Aereo further wishes to redact certain information regarding Aereo's proprietary quality assurance procedures. Some of the exhibits that Aereo seeks to redact have previously been filed in redacted form. Such information constitutes "business information that might harm [Aereo's] competitive standing" in negotiating partnership, vendor, and other agreements were it to be made public. *See Standard Inv.*, 2008 WL 199537, at *8 (quoting *Nixon*, 425 U.S., 598). The proposed redactions "are narrowly tailored, limited in scope, and justified to protect Aereo's confidential and proprietary business information." *See* Dkt. 215 at 5 (citing *Lugosch*, 435 F.3d at 120; *Zyprexa*, 474 F. Supp. 2d at 421). Aereo therefore seeks the Court's approval for redaction.

Furthermore, some of the exhibits contain highly confidential business information of third parties. *See* Exs. X, WW. Because the Parties understand that this information constitutes "confidential commercial information . . . revelation [of which] has the potential to impinge on the company's privacy and property rights and inflict commercial harm" (*see Zyprexa*, 474 F. Supp. 2d at 421-22; *accord Standard Inv.*, 2008 WL 199537, at *8), the Parties jointly request the Court's approval for redaction. Accordingly, the Parties respectfully request the Court file under seal the Under Seal Documents and allow the WNET Plaintiffs to file redacted versions publicly.

Respectfully submitted,

/s/ *Julie A. Shepard*

Julie A. Shepard
Jenner & Block LLP
*Counsel for the WNET Plaintiffs*

cc: All Counsel of Record

---

Murphy declaration discussing these exhibits, the Declaration of Jaime Rodriguez and the Declaration of Andrea Downing).

2213786.1

CHICAGO   LOS ANGELES   NEW YORK   WASHINGTON, DC

JENNER & BLOCK LLP

July 11, 2013

Julie A. Shepard
Tel 213 239-2207
Fax 213 239-2217
jshepard@jenner.com

**VIA HAND DELIVERY**

The Honorable Alison J. Nathan
United States District Judge
United States District Court for
  the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 906
New York, NY  10007

Re:    *WNET, et al. v. Aereo, Inc.*, No. 12-cv-1540-AJN – Consolidated

Dear Judge Nathan:

It has come to our attention that the highlighted set of the Under Seal Documents (defined below) the WNET Plaintiffs submitted to Your Honor on July 1, 2013 pursuant to Section 4A of Your Honor's Individual Practices in Civil Cases and the June 24, 2013 Order in the above-captioned case (Dkt. No. 221) were inadvertently printed, and submitted, in such a way that the yellow highlighting did not show.  As a result, the WNET Plaintiffs attach to this letter a new full set of the Under Seal Documents in highlighted form, which includes a yellow highlighted version of each of the following:

- The WNET Plaintiffs' Opposition to Aereo's Motion for Summary Judgment;
- The WNET Plaintiffs' Response to Aereo's Statement of Undisputed Facts and Additional Material Facts;
- Declaration of Nigel Jones in Support of the WNET Plaintiffs' Opposition to Aereo's Motion for Summary Judgment;
- Declaration of Daniel Schaubert in Support of the WNET Plaintiffs' Opposition to Aereo's Motion for Summary Judgment;
- Declaration of Jaime Rodriguez in Support of the WNET Plaintiffs' Opposition to Aereo's Motion for Summary Judgment;
- Declaration of Andrea Downing in Support of the WNET Plaintiffs' Opposition to Aereo's Motion for Summary Judgment;
- Declaration of Kevin Murphy in Support of the WNET Plaintiffs' Opposition to Aereo's Motion for Summary Judgment; and
- Declaration of Julie Shepard in Support of the WNET Plaintiffs' Opposition to Aereo's Motion for Summary Judgment

(collectively, the "Under Seal Documents").

July 11, 2013
Page 2

In addition, the WNET Plaintiffs respectfully request that the Court destroy the set of documents submitted on July 1st that were styled as "Yellow Highlighted Set."

Respectfully submitted,

/s/ *Julie A. Shepard*

Julie A. Shepard
Jenner & Block LLP
*Counsel for the WNET Plaintiffs*


cc: All Counsel of Record