UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                                          )
WNET, THIRTEEN, FOX TELEVISION    )
STATIONS, INC., TWENTIETH CENTURY )
FOX FILM CORPORATION, WPIX, INC., )
UNIVISION TELEVISION GROUP, INC., THE ) ECF Case
UNIVISION NETWORK LIMITED         )
PARTNERSHIP, and PUBLIC           )
BROADCASTING SERVICE,             ) Case No. 12-civ-1543
                                                          )
*Plaintiffs*,                                       ) [Related Case No. 12-civ-1540]
                                                          )
                    v.                                )
                                                          )
AEREO, INC. f/k/a BAMBOOM LABS, INC., )
                                                          )
*Defendant*.                                     )
                                                          )
_____ )

**RESPONSE TO AEREO'S NOTICE OF SUPPLEMENTAL AUTHORITY**

By submitting and relying on *Fox Broadcasting Company v. Dish Network LLC*, No. 12-57048 (9th Cir. July 24, 2013), Aereo once again tries to obfuscate the issue of direct infringement of plaintiffs' reproduction rights.  Fox's cross-motion for partial summary judgment (joined by all WNET Plaintiffs) does *not* address Aereo's separate "Record" feature that allows programs to be recorded for later viewing.  Instead, Fox contends Aereo is liable for direct infringement because Aereo makes three unauthorized copies of Fox's television programs each time an Aereo subscriber watches *live* TV on Aereo's website.  The Ninth Circuit's ruling in *Dish* involved a dispute over an unauthorized service that is "similar" to video on demand (Slip Op. 20); it did *not* address direct liability for unauthorized copies made in connection with a live streaming service.  Nothing in the *Dish* decision changes the undisputed fact that an Aereo subscriber is never given the choice to copy or not copy Fox's programs when she watches live TV on Aereo.  Therefore, under the Second Circuit's volition test articulated in *Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121 (2d Cir. 2008), the only direct infringer here is Aereo.

Furthermore, the fair use analysis in the *Dish* opinion related to *consumers*.  Fox's motion relates solely to copying done by *Aereo* for a commercial purpose.  Therefore, the fair use analysis in *Dish* has no bearing on Fox's summary judgment motion in this case.

DATED:  July 31, 2013

Respectfully submitted,

By: /s/ Richard L. Stone

Richard L. Stone (*pro hac vice*)
Kenneth D. Klein (*pro hac vice*)
Julie A. Shepard (*pro hac vice*)
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Tel (213) 239-5100 /Fax (213) 239-5199
*Attorneys for Plaintiffs*

1

## CERTIFICATE OF SERVICE

  I, Richard L. Stone, hereby certify that on July 31, 2013, I caused a true copy of the foregoing to be served on all parties via e-mail.

| | |
|---|---|
| July 31, 2013 | <u>/s/ Richard L. Stone</u><br>Richard L. Stone<br><br>JENNER & BLOCK LLP<br>633 West 5th Street, Suite 3600<br>Los Angeles, CA 90071-2054<br>Telephone (213) 239-5100<br>Facsimile (213) 239-5199 |