USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

AMERICAN BROADCASTING COMPANIES,
INC., DISNEY ENTERPRISES, INC., CBS
BROADCASTING INC., CBS STUDIOS INC.,
NBCUNIVERSAL MEDIA, LLC, NBC STUDIOS,
LLC, UNIVERSAL NETWORK TELEVISION, LLC,
TELEMUNDO NETWORK GROUP LLC, and
WNJU-TV BROADCASTING LLC,

    Civil Action No. 12-CV-1540 (AJN)

    Plaintiffs/Counterclaim Defendants,

v.

AEREO, INC.,

    Defendant/Counterclaim Plaintiff.

------------------------------------------------------------ X

WNET, THIRTEEN, FOX TELEVISION
STATIONS, INC., TWENTIETH CENTURY
FOX FILM CORPORATION, WPIX, INC.,
UNIVISION TELEVISION GROUP, INC., THE
UNIVISION NETWORK LIMITED
PARTNERSHIP, and PUBLIC BROADCASTING
SERVICE,

    Civil Action No. 12-CV-1543 (AJN)

    Plaintiffs/Counterclaim Defendants,

v.

AEREO, INC.,

    Defendant/Counterclaim Plaintiff.

------------------------------------------------------------ x

## STIPULATION

This is a stipulation between the ABC Plaintiffs and the Fox Plaintiffs (collectively "Plaintiffs") on the one hand and Aereo, Inc. ("Defendant," and collectively with Plaintiffs, the "Parties"). The Parties set forth below their agreement to (1) an extension of time for

Defendant's access to the data room provided for in this Court's July 3, 2013 Order ("July 3 Order") [Docket No. 228]; and (2) a protocol for addressing Plaintiffs' privileged documents.

WHEREAS, in the July 3 Order, the Court provided that Defendant would have access to the data room for 30 days under specified conditions set forth in the July 3 Order;

WHEREAS, subject to Defendant's pending objections, the parties have agreed that Defendant may have access to the data room under the conditions set forth in the July 3 Order until 30 days beyond July 24 (i.e., August 23) given that some documents were not produced to the data room until July 24;

WHEREAS, because Plaintiffs collectively have identified more than 100,000 potentially responsive documents as likely or actually privileged, either because they have manually reviewed those documents and preliminarily determined them to be privileged or because Plaintiffs presume that they are privileged because they were sent to or from or contain the names of attorneys ("Plaintiffs' Presumed Privileged Documents") who Plaintiffs believe provided legal advice on the relevant negotiations;

WHEREAS, Plaintiffs therefore have proposed and Defendant has accepted a proposal for searching Plaintiffs' Presumed Privileged Documents whereby (i) Defendant's representatives will formulate searches to be run through the database of Plaintiffs' Presumed Privileged Documents, which have been segregated; (ii) a representative of Plaintiffs' electronic discovery vendor who is walled off from the personnel reporting to Plaintiffs, and who will not himself report to Plaintiffs, will report to Defendant the number of documents responsive to Defendant's selected search terms and the list of the Bates numbers of responsive documents; (iii) upon receiving instructions from Defendant, the electronic discovery vendor will transmit the responsive documents, but not the search terms that yielded them, to Plaintiffs' counsel; and

(iv) Plaintiffs' counsel will review those documents, produce any non-privileged responsive information, and provide a privilege log or redaction log for any documents withheld or redacted as privileged (hereafter the "Privilege Review Procedure");

WHEREAS, Defendant is prepared to pursue its review using the Privilege Review Procedure, but reserves its current objections, including its currently pending Rule 72(a) objections to the July 3 Order, and reserves future objections to the substance and procedure set forth in the July 3, 2013 Order and the Privilege Review Procedure;

WHEREAS, Plaintiffs reserve their right to object if Defendant selects an unduly burdensome quantity of documents, and to bring any other privilege-related disputes before the Court; and

WHEREFORE, the Parties hereby stipulate, by and through their counsel of record, subject to the approval of the Court, that:

1. Plaintiffs will provide Defendant with access to the data room through August 23, 2013, under the conditions set forth in the July 3 Order.

2. With respect to documents that Plaintiffs have identified as presumptively or actually privileged, the parties shall proceed in accordance with the Privilege Review Procedure on which they have agreed, with all Parties reserving their rights to bring any disputes arising under that procedure before the Court;

3. Defendant reserves its pending objection to the July 3 Order, the ABC Plaintiffs reserve their pending objection to the Court's March 29, 2013 Order, and all Parties reserve any future objections.

IT IS SO STIPULATED.

3

DATED: August 6, 2013

JENNER & BLOCK LLP

By: _____

Richard L. Stone (*pro hac vice*)
Kenneth D. Klein (*pro hac vice*)
Julie A. Shepard (*pro hac vice*)
JENNER & BLOCK LLP
633 West 5th Street
Suite 3600
Los Angeles, CA 90071-2054
Telephone (213) 239-5100
Facsimile (213) 239-5199
rstone@jenner.com
kklein@jenner.com
jshepard@jenner.com

*Attorneys for the WNET Plaintiffs*

DATED: August 6, 2013

DEBEVOISE & PLIMPTON LLP

By: _____

Jeffrey S. Jacobson
Bruce P. Keller
Matthew E. Fishbein
Michael R. Potenza
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone (212) 909-6000
Facsimile (212) 909-6836
jsjacobson@debevoise.com
bpkeller@debevoise.com
mefishbe@debevoise.com
mpotenza@debevoise.com

*Attorneys for the ABC Plaintiffs*

DATED: August 6, 2013

FISH & RICHARDSON P.C.

By: /s/
R. David Hosp
Mark S. Puzella (*pro hac vice*)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, Massachusetts 02210
Tel.: (617) 368-2125
Fax: (617) 542-8906
hosp@fr.com
puzella@fr.com

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
melkin@winston.com
tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
Tel: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com

*Attorneys for Defendant Aereo, Inc.*

IT IS HEREBY ORDERED THAT,

1. The Court hereby modifies its July 3 Order to provide that Defendant's access to the data room extends through August 23, 2013, under the conditions set forth in the July 3 Order.

2. With respect to documents that Plaintiffs have identified as presumptively or actually privileged, the parties shall proceed in accordance with the Privilege Review Procedure on which they have agreed, with all parties reserving their rights to bring any disputes arising under that procedure before the Court, with Defendant reserving its pending objection to the July 3 Order, with the ABC Plaintiffs reserving their pending objection to the Court's March 29, 2013 Order to which the July 3 Order related; and all parties reserving any future objections.

Date: 8-7-13

Honorable Judge Henry Pitman
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I, R. David Hosp, hereby certify that on August 6, 2013, I caused a true copy of the foregoing to be served on all parties via e-mail.

Dated: August 6, 2013

                                                 /s/ R. David Hosp
                                                 R. David Hosp